IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VANESSA HALDEMAN & BENJAMIN HALDEMAN, BY THEIR PARENTS *AS NEXT FRIENDS*; JOSEPH & DENISE HALDEMAN; JOSEPH HALDEMAN, individually; DENISE HALDEMAN, individually; JERRY HALDEMAN, individually; & CAROL HALDEMAN, individually,<br><br>          Plaintiffs,<br><br>  vs.<br><br>RUTH GOLDEN, in her individual capacity; PATRICIA NAVARRO, in her individual capacity; CAROLINE HAYASHI, in her individual capacity; CYNTHIA NOEL, in her individual capacity; UNIVERSITY OF NATIONS PRE-SCHOOL, a Private Agency; THE UNIVERSITY OF NATIONS as Respondeat Superior; ALEXANDER GRAVES, in his individual capacity; COUNTY OF HAWAII, a municipal entity; KAREN DUTY, in her individual capacity; DONALD CUPP, in his individual capacity; JILL ACERO, in her individual capacity; BOBBETTE STRAUSS, in her individual capacity; CHILD PROTECTIVE SERVICES, an agency of the Department of Human Services; | CV NO 05-00810 DAE-KSC |

| | |
|---|---|
| DEPARTMENT OF HUMAN SERVICES [DHS], State of Hawaii; LILLIAN KOLLER, DIRECTOR OF DHS, in her official capacity; ANDREA MCCOLLUM, in her individual and professional capacity; LEGAL AID SOCIETY OF HAWAII, a Private Non-Profit Agency; DAVID KAULIA, in his individual capacity; COLLEEN CLARK, in her individual and professional capacity; CHILD AND FAMILY SERVICE, a Private Non-Profit Agency; JOINTLY AND SEVERALLY, </br></br>            Defendants.</br>_____ | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

### ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS KAREN DUTY AND DONALD CUPP'S MOTIONS TO DISMISS ADULT PLAINTIFFS' § 1983 CLAIMS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and the supporting and opposing memoranda, the Court DENIES Plaintiffs' Motion for Reconsideration of Order Granting Defendants Karen Duty and Donald Cupp's Motions to Dismiss Adult Plaintiffs' § 1983 Claims.

## BACKGROUND

On December 28, 2005, Plaintiffs filed a Complaint against Defendants, which was amended on August 31, 2006 ("Amended Complaint"). The Amended Complaint alleged due process and equal protection violations under 42 U.S.C. § 1983 (1979), as well as conspiracy and state law tort claims. According to the Amended Complaint, Defendants Duty and Cupp are employees of the Department of Human Services, State of Hawaii ("DHS").  On or around October 24, 2002, Child Protective Services of the State of Hawaii's Department of Human Services ("CPS") learned of the then-four-year-old child's, Vanessa Haldeman's ("Vanessa"), sexual behavior at her pre-school.  That same day, Duty and another Defendant, a Hawaii Police Detective named Alexander Graves ("Graves"), went to the pre-school and interviewed pre-school employees and the pre-school director.

Based on the information obtained during the interviews, Duty and Graves immediately removed Vanessa and her brother, Benjamin Haldeman, from their respective schools and took them to the Children's Justice Center in Kona.  At the Center, Duty interviewed Vanessa.   Around 6 p.m. that same day, Cupp informed the parents that their children were in the custody of CPS and that Vanessa had accused her father, Joseph Haldeman ("father"), of sexual

molestation. About four days after the interview, the DHS filed a Petition for Temporary Custody in the Family Court of the Third Circuit.

In October 2003, the Family Court appointed the children's grandparents as co-guardians. In November 2003, the case was transferred to DSHS of Washington. In June 2004, following a trial, two of the three criminal charges against the father were dismissed and the third resulted in a hung jury. The prosecutor did not retry the father on the remaining count. The family custody proceeding terminated in October 2005 when the family court in Washington dismissed all proceedings against the parents and returned custody of the children to them.

On December 12, 2006, this Court ruled on the claims against Defendants Duty and Cupp relating to adult Plaintiffs under 42 U.S.C. § 1983, dismissing those claims due to statute of limitations problems ("December 12th Order"). On December 22, 2006, Plaintiffs filed a motion for reconsideration of that decision, which Defendants Duty and Cupp opposed. Plaintiffs filed a reply on January 12, 2007.

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. See Navajo Nation v. Confederated Tribes and Bands of the

Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).  The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003); see also Carnell, 872 F. Supp. at 758.   Under Local Rule 60.1, the District of Hawaii adopted the three grounds that courts have found to justify reconsideration.  See Reliance, 299 F. Supp. 2d at 1153.  Those three grounds are the discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.  See id.  Mere disagreement with a court's analysis in a previous order will not justify a reconsideration.  See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).  Seeing as, here, Plaintiffs do not allege any new material facts or an intervening change in the law, they apparently seek reconsideration on the basis of manifest error of fact or law, arguing that this Court inappropriately made "findings of fact."

DISCUSSION

Plaintiffs seek reconsideration of this Court's December 12th Order, complaining that this Court made findings of fact that should have been presented to the jury; that those facts were "radically different and contrary to those pled in

5

the Complaint"; and that some of those facts were made while ignoring the facts actually pled. (<u>Motion</u> at 3, 10.) Plaintiffs also argue that this Court bought the "lies" of Defendants Duty and Cupp's counsels "hook, line, & sinker," and that this Court was "duped" by Defendant Cupp's counsel and "duped" into improper fact-finding. (<u>Motion</u> at 6; <u>Reply</u> at 5-7.) Insofar as Plaintiffs' arguments may be construed as proper arguments for a motion for reconsideration, they are meritless.

Plaintiffs essentially disagree with this Court's use of the facts alleged when making its legal conclusions. Nowhere in the Court's December 12th Order did it make "findings of fact" or even use the terms "find(s)" or "found," as Defendant Cupp acknowledges. (<u>Cupp's Opposition</u>, at 5.) Additionally, as Defendant Duty recognizes, the factual allegations on which this Court relied in drawing its conclusions were those from the pleadings, and, in particular, the First Amended Complaint, which this Court carefully reviewed. (<u>Duty's Opposition</u>, at 6-12.) Applying the law to factual allegations in the pleadings is <u>not</u> the same as making findings of facts. <u>See, e.g.</u>, <u>MacArthur v. San Juan County</u>, 405 F. Supp. 2d 1302, 1331 n.39 (D. Utah 2005). Furthermore, a "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 973 (9th Cir. 2004) (citing <u>Clegg v. Cult Awareness Network</u>, 18

F.3d 752, 754-55 (9th Cir. 1994)). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. (Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

Even when viewing the facts, as they were alleged in the pleadings, in the light most favorable to Plaintiffs, the application of the law to the facts warranted dismissal of adult Plaintiffs' § 1983 claims against Defendant Duty and Cupp because those claims fell outside of the statute of limitations period. Applying the law to the facts, this Court found that all but one factual allegation, as made in the First Amended Complaint and as raised by Plaintiffs in their Memorandum in Opposition to Defendants Duty and Cupp's Motions to Dismiss, fell outside of the two-year statute of limitations period. See December 12th Order, at 8.

Additionally, this Court made the legal determination that the one allegation that may have fallen within the statute of limitations period did not constitute the "operative decision" under RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002). See December 12th Order, at 8-9. The "operative decision" was the decision to take action to protect the child. That decision was made in or around October 2002 when Defendant Duty interviewed

7

the child, prompting removal of the Haldeman children from their schools, and when, following a subsequent interview at the Children's Justice Center, Cupp informed the child's parents of the accusations against the father, ultimately resulting in the filing of a Petition for Temporary Custody. Rather, the facts underlying the one allegation that, conceivably, could have fallen within the statute of limitations period, possibly occurring as late as December 2003, were merely consequences stemming from the "operative decision" and of the acts that occurred in making that decision. See December 12th Order, at 9. Thus, none of the factual allegations, as alleged in the pleadings, that underlie the adult Plaintiffs' § 1983 claims against Defendants Duty and Cupp are <u>legally</u> actionable within the statute of limitations period.

   Insofar as Plaintiffs disagree with this Court's "continuing violation" analysis, again, that analysis was based on an application of the law to the facts. As Plaintiffs are doing nothing more than rehashing the same arguments previously made to this Court, this Court sees no reason to reconsider its December 12th Order. Plaintiffs mere disagreement with the legal conclusions reached based upon the facts alleged in the pleadings does not provide a proper ground for this Court to reconsider its previous decision.

## CONCLUSION

For the reasons stated above, this Court DENIES Plaintiffs' Motion for Reconsideration of Order Granting Defendants Karen Duty and Donald Cupp's Motions to Dismiss Adult Plaintiffs' § 1983 Claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 1, 2007.



_____
David Alan Ezra
United States District Judge

Vanessa Haldeman, et al. vs. Ruth Golden, et al., Civil No. 05-00810 DAE-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS KAREN DUTY AND DONALD CUPP'S MOTIONS TO DISMISS ADULT PLAINTIFFS' § 1983 CLAIMS