IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VANESSA HALDEMAN & BENJAMIN HALDEMAN, BY THEIR PARENTS *AS NEXT FRIENDS*; JOSEPH & DENISE HALDEMAN; JOSEPH HALDEMAN, individually; DENISE HALDEMAN, individually; JERRY HALDEMAN, individually; & CAROL HALDEMAN, individually,<br><br>           Plaintiffs,<br><br>   vs.<br><br>RUTH GOLDEN, in her individual capacity; PATRICIA NAVARRO, in her individual capacity; CAROLINE HAYASHI, in her individual capacity; CYNTHIA NOEL, in her individual capacity; UNIVERSITY OF NATIONS PRE-SCHOOL, a Private Agency; THE UNIVERSITY OF NATIONS as Respondeat Superior; ALEXANDER GRAVES, in his individual capacity; COUNTY OF HAWAII, a municipal entity; KAREN DUTY, in her individual capacity; DONALD CUPP, in his individual capacity; JILL ACERO, in her individual capacity; BOBBETTE STRAUSS, in her individual capacity; CHILD PROTECTIVE SERVICES, an agency of the Department of Human Services; | CV NO 05-00810 DAE-KSC |

```
```

| | |
|---|---|
| DEPARTMENT OF HUMAN SERVICES [DHS], State of Hawaii; LILLIAN KOLLER, DIRECTOR OF DHS, in her official capacity; ANDREA MCCOLLUM, in her individual and professional capacity; LEGAL AID SOCIETY OF HAWAII, a Private Non-Profit Agency; DAVID KAULIA, in his individual capacity; COLLEEN CLARK, in her individual and professional capacity; CHILD AND FAMILY SERVICE, a Private Non-Profit Agency; JOINTLY AND SEVERALLY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Plaintiffs' Motion for Reconsideration.

## BACKGROUND

According to the First Amended Complaint, the Haldeman children were removed from the custody of their parents under suspicion of sexual abuse of Vanessa by her father, Joseph. Defendant Forbes was employed as a social worker by the Department of Human Services ("DHS"). Defendant Forbes was

purportedly responsible for supervising the placement of the Haldeman children in a foster home.  The Haldeman children allegedly complained of ill-treatment and abuse by the foster parents, yet Defendant Forbes took no action.  At some point the Haldeman children were moved to a second foster home, where the abuse grew worse.  Again, Defendant Forbes allegedly took no corrective action.  In October 2003, the children's grandparents, Jerry and Carol Haldeman, were granted custody and the children moved to Washington.

Plaintiffs further allege that Defendant Forbes conspired with others to fabricate criminal charges against Joseph Haldeman, manipulated and intimidated the Haldeman children to "remember" facts to support the prosecution, intimidated Denise Haldeman to give supporting testimony, and threatened the grandparents, Jerry and Carol Haldeman, with losing the petition for custody.

Plaintiffs filed their First Amended Complaint bringing a 42 U.S.C. § 1983 claim arguing that their due process and equal protection rights were violated and for conspiracy (Counts One and Two).  Plaintiffs also allege state law claims of negligence, gross negligence, defamation, intentional infliction of emotional distress, and invasion of privacy (Counts Four, Five, Six, Seven and Ten, respectively).

Defendant Forbes filed a motion to dismiss on September 7, 2006, arguing that she is immune from suit. On December 12, 2006, this Court granted in part and denied in part Defendant Forbes' motion. Specifically, this Court found that Defendant Forbes is immune from suit for claims based upon conspiring to present false testimony. This Court also found that pursuant to Haw. Rev. Stat. § 350-3, Defendant Forbes was immune from suit for claims based upon acts or omissions committed while placing a child in foster care, interviewing that child, discussing the interview with the parents, handling visitation rights of the parents, and handling the petition for custody, since those actions were within the scope of her duties. Finally, this Court found that claims based upon Forbes' alleged conspiracy to develop false criminal charges against Joseph Haldeman could proceed since such actions were not within the scope of her duties.

Plaintiffs filed a motion for reconsideration on December 27, 2006. Defendant Forbes filed an opposition on January 9, 2007, and Plaintiffs filed a reply on January 22, 2007.

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. <u>Lolli v. County of Orange</u>, 351 F.3d 410, 411 (9th Cir. 2003); <u>Plotkin v. Pac. Tel. & Tel. Co.</u>, 688 F.2d 1291, 1292 (9th Cir. 1982). This rule

derives from the compelling interest in the finality of judgments, which should not be lightly disregarded.  Rogers v. Watt, 772 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

       The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Carnell, 872 F. Supp. at 758.  There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988).

       The District of Hawaii has implemented these standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.  Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003).  The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision.  Id.

## DISCUSSION

5

Plaintiffs allege that this Court committed manifest error of law or fact with respect to its finding that Defendant Forbes was immune from suit based upon some of her actions, pursuant to Haw. Rev. Stat. § 350-3. Plaintiffs argue that the statute is ambiguous because it does not make a distinction between absolute and qualified immunity, and this Court erred by not determining which level of immunity was provided by the statute. Plaintiffs assert that qualified immunity should apply, which they argue would allow their case to proceed since they would be able to bring claims based upon malice and improper motives.

Plaintiffs' arguments are meritless. Plaintiffs are merely rehashing their arguments previously made to this Court. Plaintiffs have failed to present a strongly convincing argument that the statute means anything other than what it says -- "[a]ny individual who assumes a duty or responsibility pursuant to section 350-2 or chapter 587 shall have immunity from civil liability for acts or omissions performed within the scope of the individual's duty or responsibility." Haw. Rev. Stat. § 350-3(b). If the legislature meant to provide a more limited immunity, they certainly could have worded the statute differently. Indeed, the legislature could have included a sentence limiting immunity only to situations where the individual acts responsibly, without malice or improper motives. In other words, the legislature could have stated that the individual is not immune from suit, even in

performing their duties and responsibilities, where such actions are taken for improper motives or with malice or more to the point, the legislature could have used the term "qualified immunity." The legislature did not do so. Accordingly, Plaintiffs' argument fails.

Plaintiffs also request a clarification that this Court's ruling that Defendant Forbes was immune from suit for conspiring with others in an effort to harmonize their in-court testimony does not preclude claims against her for conspiracy to develop false criminal charges against Joseph Haldeman. Because this Court found that conspiring to develop false criminal charges against a parent was not part of Defendant Forbes' job duties, this Court held that Defendant Forbes was not immune from suit for such alleged actions. Accordingly, Plaintiffs may pursue this claim based upon any acts other than those related to harmonizing in-court testimony.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 1, 2007.



_____
David Alan Ezra
United States District Judge

Haldeman, et al. v. Golden, et al., CV No. 05-00810 DAE-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION