IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VANESSA HALDEMAN & BENJAMIN HALDEMAN, BY THEIR PARENTS *AS NEXT FRIENDS*; JOSEPH & DENISE HALDEMAN; JOSEPH HALDEMAN, individually; DENISE HALDEMAN, individually; JERRY HALDEMAN, individually; & CAROL HALDEMAN, individually,<br><br>           Plaintiffs,<br><br>   vs.<br><br>RUTH GOLDEN, in her individual capacity; PATRICIA NAVARRO, in her individual capacity; CAROLINE HAYASHI, in her individual capacity; CYNTHIA NOEL, in her individual capacity; UNIVERSITY OF NATIONS PRE-SCHOOL, a Private Agency; THE UNIVERSITY OF NATIONS as Respondeat Superior; ALEXANDER GRAVES, in his individual capacity; COUNTY OF HAWAII, a municipal entity; KAREN DUTY, in her individual capacity; DONALD CUPP, in his individual capacity; JILL ACERO, in her individual capacity; BOBBETTE STRAUSS, in her individual capacity; CHILD PROTECTIVE SERVICES, an agency of the Department of Human Services; | CV NO 05-00810 DAE-KSC |

| | |
|---|---|
| DEPARTMENT OF HUMAN SERVICES [DHS], State of Hawaii; LILLIAN KOLLER, DIRECTOR OF DHS, in her official capacity; ANDREA MCCOLLUM, in her individual and professional capacity; LEGAL AID SOCIETY OF HAWAII, a Private Non-Profit Agency; DAVID KAULIA, in his individual capacity; COLLEEN CLARK, in her individual and professional capacity; CHILD AND FAMILY SERVICE, a Private Non-Profit Agency; JOINTLY AND SEVERALLY, <br><br>           Defendants. <br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING DEFENDANT KAREN DUTY'S MOTION TO DISMISS ADULT PLAINTIFFS' STATE LAW TORT CLAIMS AND GRANTING DEFENDANT DONALD CUPP'S MOTION TO DISMISS ADULT PLAINTIFFS' STATE LAW TORT CLAIMS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and the supporting and opposing memoranda, the Court GRANTS Defendant Duty's Motion to Dismiss Adult Plaintiffs' state law tort claims and GRANTS Defendant Cupp's Motion to Dismiss Adult Plaintiffs' state law tort claims.

2

BACKGROUND

On December 28, 2005, Plaintiffs filed a Complaint against Defendants, which was amended on August 31, 2006 ("Amended Complaint"). The Amended Complaint alleged due process and equal protection violations under 42 U.S.C. § 1983 (1979), as well as conspiracy and state law tort claims. According to the Amended Complaint, Defendants Duty and Cupp are employees of the Department of Human Services, State of Hawaii ("DHS"). On or around October 24, 2002, Child Protective Services of the State of Hawaii's Department of Human Services ("CPS") learned of the then-four-year-old child's, Vanessa Haldeman's ("Vanessa"), sexual behavior at her pre-school. That same day, Duty and another Defendant, a Hawaii Police Detective named Alexander Graves ("Graves"), went to the pre-school and interviewed pre-school employees and the pre-school director.

Based on the information obtained during the interviews, Duty and Graves immediately removed Vanessa and her brother, Benjamin Haldeman, from their respective schools and took them to the Children's Justice Center in Kona. At the Center, Duty interviewed Vanessa. Around 6 p.m. that same day, Cupp informed the parents that their children were in the custody of CPS and that Vanessa had accused her father, Joseph Haldeman ("father"), of sexual

molestation.  About four days after the interview, the DHS filed a Petition for Temporary Custody in the Family Court of the Third Circuit.

In October 2003, the Family Court appointed the children's grandparents as co-guardians.  In November 2003, the case was transferred to DSHS of Washington.  In June 2004, following a trial, two of the three criminal charges against the father were dismissed and the third resulted in a hung jury.  The prosecutor did not retry the father on the remaining count.  The family custody proceeding terminated in October 2005 when the family court in Washington dismissed all proceedings against the parents and returned custody of the children to them.

On December 12, 2006, this Court ruled on the adult Plaintiffs' claims against Defendants Duty and Cupp under 42 U.S.C. § 1983, dismissing those claims on statute of limitations grounds.  Now, Defendants Duty and Cupp move to dismiss the adult Plaintiffs' state law tort claims on those same grounds.  On December 20, 2006, Defendants Duty and Cupp filed their respective motions.  Plaintiffs filed an opposition to each motion on January 29, 2007, and Defendants Duty and Cupp each filed a reply on February 9, 2007.

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support his claim that would entitle him to relief. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings, 416 F.3d at 946. "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (quoting Clegg, 18 F.3d at 754-55). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). Thus, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

Defendants Duty and Cupp move to dismiss adult Plaintiffs' state law tort claims.[1] The state law tort claims alleged against Duty and Cupp are the same. Those claims are common law and gross negligence, defamation, intentional infliction of emotional distress, and invasion of privacy. All of those claims have a two-year statute of limitations. See Haw. Rev. Stat. Ann. § 657-7 ("HRS") (covering negligence and intentional infliction of emotional distress); HRS § 657-4 (covering defamation); Higa v. Mirikitani, 55 Haw. 167, 170 (1974) (providing "invasion of privacy" as an example of an intangible interest that appears to be covered by HRS § 657-7). To determine when a statute of limitations period begins to run, this Court must look to federal law to see "when a claim accrues." Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000); see also Kwak v. Gast, 396 F. Supp. 2d 1150, 1155-56 (D. Haw. 2005) (following a decision from the Hawaii Supreme Court that read the "discovery rule" into HRS § 657-7 to determine when a claim accrues). Under the federal discovery rule, a claim accrues when the plaintiff knows or should have known of the injury. See, e.g., Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001); RK Ventures, Inc. v. City of

---

[1] Defendants Duty and Cupp's motions are limited to those claims brought by the adult Plaintiffs because claims of minors do not being to run until the minor reaches the age of eighteen. See Haw. Rev. Stat. Ann. § 657-13.

6

Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).  Accordingly, claims against Defendants Duty and Cupp began to accrue when Plaintiffs knew or should have known of the alleged injury.[2]

The state law tort claims against Defendants Duty and Cupp are based on the same allegations underlying the Plaintiffs' claims under § 1983.  Accordingly, the same analysis applies here as applied under the § 1983 claims.  In this Court's previous Order, it determined that all but one allegation appeared to have occurred before October 2003, thus falling outside of the statute of limitations.  See Order dated December 12, 2006, at 7-8.  This Court went on to note:

> The only alleged act that may be within the statute of limitations period is the allegation that Duty and Cupp continued to provide false information after the case was

---

[2] Plaintiffs cite two unpublished decisions that originated in the District of Montana and applied Montana state law to argue that in a tort action under Montana law, § 27-2-204(1), whether an action is barred by the statute of limitations is a question for the jury.  The findings are based on Montana law that is not applicable here.   Additionally, unlike a couple of the cases that Plaintiffs cite, one of which was unpublished, this Court is not dealing with a summary judgment motion under Rule 56 that applies a different standard than a motion to dismiss brought pursuant to Rule 12(b)(6).  Even if this Court were to extend the law in the one published opinion, Garter-Bare Co. v. Munsingwear Inc., 723 F.2d 707, 711 (9th Cir. 1984), to apply to the facts of this case, the factual allegations on which this Court relied in drawing its legal conclusions were those from the pleadings, and, in particular, the First Amended Complaint.  To the best of this Court's knowledge, those factual allegations were not in dispute.

> transferred to the DSHS of Washington in November 2003.  If the "false information" were provided after December 28, 2003, then those events would lie within the statute of limitations period."[3]

Id. at 8-9.  Ultimately, this Court found that the "operative decision" to take action to protect the child occurred outside of the two-year statute of limitations period; thus, as with the adult Plaintiffs' § 1983 claims, none of the alleged acts underlying the state law tort claims fell within the statute of limitations period.  See id. at 9.

Additionally, this Court addressed the same "continuing violation" theory that Plaintiffs again raise here, finding that theory inapplicable to the facts of this case.  See id. at 10.   Without reciting the entire analysis, this Court

---

[3] Defendant Cupp notes his disagreement that Plaintiffs' claim under ¶ 98 of the First Amended Complaint was directed toward him.  Rather, he alleges that it was directed toward the Department of Human Services ("DHS") only.  On its face, the allegations under that paragraph of the First Amended Complaint do suggest that DHS was the party at fault for referring Plaintiffs case to the DSHS of Washington with "every piece of negative information" that had been provided about the case.  Nonetheless, in Plaintiffs' Opposition to Defendant Donald Cupp's Motion to Dismiss the Adult Plaintiffs § 1983 claims, filed on November 23, 2006, Plaintiffs interpreted that paragraph of their First Amended Complaint to apply to Cupp (as well as to Duty).  See Plaintiffs' Oppositions to Cupp and Duty's Motion to Dismiss, at 5.  Given that this Court was dealing with a motion to dismiss, this Court had to view the allegations of fact in the complaint in the light most favorable to Plaintiffs.  See Livid Holdings, 416 F.3d at 946.  Accordingly, this Court construed the claim in that paragraph against Defendant Cupp.  Nonetheless, because that allegation did not extend the limitations period to make Plaintiffs filing timely, the interpretation of that paragraph is of little consequence.

previously found that unlike the cases on which Plaintiffs rely, Duty and Cupp's alleged wrongs are not the result of a culmination of violations that built up over time to create the wrongs. Rather, they constitute, if anything, a continuing impact of harm that flowed from single, identifiable incidents, *i.e.*, the interview and the telephone call, each of which may be isolated as the primary cause of the purported future harm. Thus, again, the continuing violation doctrine does not apply to the present situation.

Nor does equitable tolling apply here. Unless inconsistent with federal law, federal courts apply a forum state's statute of limitations. See, e.g., Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). The Supreme Court of Hawaii has defined equitable tolling as "[t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." Narmore v. Kawafuchi, 143 P.3d 1271, 1278 n.15 (Haw. 2006) (quoting Black's Law Dictionary 579 (8th ed. 2004)). Even if that doctrine were applicable here, Plaintiffs present no evidence that they were pursuing their rights against Defendants Duty and Cupp diligently and that, while pursuing those rights, some "extraordinary circumstance stood in the way," making a timely filing "impossible." Office of Hawaiian Affairs v. State, 133 P.3d 767, 789 (Haw. 2006). The mere fact that there was a pending

criminal case against the father until around June 2004 would not, by itself, toll the statute of limitations because the pendency of that separate and distinct action, of which Defendants Duty and Cupp were not a part, does not indicate diligence to pursue claims against Defendants Duty and Cupp.  Nor did the continuation of the custody proceeding into October 2005 create an "impossibility" to file an action against Defendants Duty and Cupp sooner.  Even if the adult Plaintiffs were not fully aware of all of Defendant Duty and Cupp's alleged wrongs directly following the interview of the child and the filing of the Petition for Temporary Custody, they should have become aware of them during the proceedings that followed, that is, before or soon after the Family Court appointed the children's grandparents as co-guardians in October 2003 or, at least, before the case was transferred to the DSHS of Washington in November 2003.

Although the factual allegations in the Amended Complaint indicate that the events that occurred following the removal of Vanessa and her brother were on the table well before December 2003, Plaintiffs did not file a claim against Defendants Duty and Cupp until December 2005.  Furthermore, Plaintiffs were not prohibited in any way from seeking court action against Defendants Duty and Cupp during (or well before) the pendency of the criminal case against the father or the culmination of the court custody proceeding.  In short, Plaintiffs have failed to

prove that they pursued their claims against Defendants Duty and Cupp diligently, and that some "extraordinary circumstance," which Plaintiffs have not identified, made an earlier filing impossible. This Court, therefore, refrains from equitably tolling the statute of limitations to allow adult Plaintiff's claims against Defendants Duty and Cupp to stand.

## CONCLUSION

For the reasons stated above, this Court GRANTS Defendant Duty's Motion to Dismiss Adult Plaintiffs' state law tort claims and GRANTS Defendant Cupp's Motion to Dismiss Adult Plaintiffs' state law tort claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2007.



David Alan Ezra
United States District Judge

<u>Vanessa Haldeman, et al. vs. Ruth Golden, et al.</u>, Civil No. 05-00810 DAE-KSC; ORDER GRANTING DEFENDANT KAREN DUTY'S MOTION TO DISMISS ADULT PLAINTIFFS' STATE LAW TORT CLAIMS AND GRANTING DEFENDANT DONALD CUPP'S MOTION TO DISMISS ADULT PLAINTIFFS' STATE LAW TORT CLAIMS