IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VANESSA HALDEMAN & BENJAMIN HALDEMAN, BY THEIR PARENTS *AS NEXT FRIENDS*; JOSEPH & DENISE HALDEMAN; JOSEPH HALDEMAN, individually; DENISE HALDEMAN, individually; JERRY HALDEMAN, individually; & CAROL HALDEMAN, individually, | ) ) ) ) ) ) ) ) ) ) ) | CV NO 05-00810 DAE-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| RUTH GOLDEN, in her individual capacity; PATRICIA NAVARRO, in her individual capacity; CAROLINE HAYASHI, in her individual capacity; CYNTHIA NOEL, in her individual capacity; UNIVERSITY OF NATIONS PRE-SCHOOL, a Private Agency; THE UNIVERSITY OF NATIONS as Respondeat Superior; ALEXANDER GRAVES, in his individual capacity; COUNTY OF HAWAII, a municipal entity; KAREN DUTY, in her individual capacity; DONALD CUPP, in his individual capacity; JILL ACERO, in her individual capacity; BOBBETTE STRAUSS, in her individual capacity; CHILD PROTECTIVE SERVICES, an agency of the Department of Human Services; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

DEPARTMENT OF HUMAN              )
SERVICES [DHS], State of Hawaii; )
LILLIAN KOLLER, DIRECTOR         )
OF DHS, in her official capacity; )
ANDREA MCCOLLUM, in her          )
individual and professional capacity; )
LEGAL AID SOCIETY OF             )
HAWAII, a Private Non-Profit     )
Agency; DAVID KAULIA, in his     )
individual capacity; COLLEEN     )
CLARK, in her individual and     )
professional capacity; CHILD AND )
FAMILY SERVICE, a Private Non-   )
Profit Agency; JOINTLY AND       )
SEVERALLY,                       )
                                 )
            Defendants.          )
_____ )


## ORDER DENYING PLAINTIFFS' OBJECTION TO AND APPEAL FROM DISCOVERY ORDER FILED SEPTEMBER 17, 2007

Pursuant to Local Rule 7.2(d) and Local Rule 74.1, the Court finds this matter suitable for disposition without a hearing.  After reviewing the appeal and the supporting and opposing memoranda, the Court denies Plaintiffs' Objection to and Appeal from Discovery Order Filed September 17, 2007 (Doc. # 649).

## BACKGROUND

On September 17, 2007, Magistrate Judge Chang issued an Amended Discovery Order in which after conducting a de novo review, he approved and

2

adopted the Discovery Master's September 13, 2007 order regarding the

depositions of the Plaintiffs and regarding the Plaintiffs' motion for additional time

to complete the deposition of Defendant Colleen Clark.  Plaintiffs filed an appeal

from the Magistrate Judge's Amended Discovery Order on September 28, 2007.

Defendants Colleen Clark and Child and Family Service filed an opposition on

October 5, 2007.  On October 8, 2007, Defendants Bobbette Strauss and the

Institute for Family Enrichment filed an opposition.  On October 9, 2007, Karen

Duty filed a joinder to Defendants Bobbette Strauss and the Institute for Family

Enrichment's opposition.

A.    Deposition of Colleen Clark

On November 27, 2006, Plaintiffs noticed the deposition of Colleen

Clark, anticipating that it would take place in Calgary, Canada on January 26,

2007.  A discovery conference was held with Magistrate Judge Chang on January

17, 2007, during which the parties discussed the deposition of Colleen Clark.

Plaintiffs admit that the purpose of the discovery conference was to discuss

whether Defendants were entitled to utilize any part of the seven hours of the

deposition time provided by the Federal Rules of Civil Procedure Rule 30(d)(2),

and if so, how much time.  (See Pls.' Mot. to Allow Additional Time to Complete

Depo. of Colleen Clark at 2-3.)

3

Following the discovery conference, on January 17, 2007, Magistrate Judge Chang issued a Discovery Order, ordering that Colleen Clark's deposition would be limited to a total of 8 hours and that Plaintiffs could question her for 4 and ½ hours, followed by all Defendants sharing the remaining 3 and ½ hours among themselves.  Plaintiffs did not seek reconsideration of or appeal the Magistrate Judge's January 17, 2007 Discovery Order.  Colleen Clark's deposition went forward on January 26, 2007, in Canada, and Plaintiffs used approximately 4 hours and 45 minutes.

On August 22, 2007, seven months after completing Clark's deposition, Plaintiffs filed a Motion to Allow Additional Time to Complete Deposition of Defendant Colleen Clark with the Discovery Master.  Plaintiffs sought an additional four hours for Clark's deposition.  On September 13, 2007, the Discovery Master issued an order concluding that the reasons for continuing Clark's deposition should have been raised at the January 17, 2007 discovery conference.  In addition, the Discovery Master noted that after receiving the January 17, 2007 Discovery Order, Plaintiffs could have requested to move the deposition date until the matter regarding an alleged incomplete production of documents was resolved.

As set forth above, on September 17, 2007, Magistrate Judge Chang approved and adopted the Discovery Master's September 13, 2007 order regarding additional time to complete the deposition of Defendant Colleen Clark.

B.    Deposition of Plaintiffs

On July 12, 2007, Plaintiffs filed a motion with the Discovery Master for a protective order with respect to taking the depositions of Plaintiffs, requesting that the depositions of the minor Plaintiffs be limited to four hours and the deposition of Jerry Haldeman be limited to five hours.  Plaintiffs stated that Jerry Haldeman had medical problems that would make it difficult to give a deposition for more than half a day.  Plaintiffs informed this Court that the depositions of the minors have gone forward.  Therefore, that issue is now moot.

On September 13, 2007, the Discovery Master found that Plaintiffs' contention regarding Jerry Haldeman's medical problems was not supported by the evidence.  Instead, the medical reasons were related to Jerry Haldeman's wife, and not to his own health.

In the September 17, 2007 Discovery Order, Magistrate Judge Chang adopted the Discovery Master's order.

## STANDARD OF REVIEW

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge.  Fed. R. Civ. P. 72(a); LR 74.1.  A district judge "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  LR 74.1.  In order to find the magistrate's decision to be 'clearly erroneous,' the district court must have a "definite and firm conviction that a mistake has been committed."  Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").  "The reviewing court may not simply substitute its judgment for that of the deciding court."  Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard."  Conant v. McCoffey, No. C 97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. March 16, 1998).

## DISCUSSION

Defendants argue that Plaintiffs' appeal is untimely.  LR 74.1 provides that a party may file an appeal from a magistrate judge's non-dispositive order within 11 days of the entry of the order.

6

Here, the Magistrate Judge issued the Amended Discovery Order on September 17, 2007.  Plaintiffs filed their appeal on September 28, 2007, which is 11 days after entry of the order.  Accordingly, Plaintiffs' appeal is timely.

A.   Colleen Clark's Deposition

This Court finds that Plaintiffs waived their arguments with respect to additional time for Colleen Clark's deposition.  Federal Rule of Civil Procedure Rule 72(a) provides that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."  (emphasis added).  Indeed, the Ninth Circuit has held that "[t]he failure to object in the district court to a magistrate judge's finding of fact waives a challenge to that finding."  In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 910 (9th Cir. 2004) (citing Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998)).  Furthermore, in general, failure to raise an issue in a timely manner results in waiver of that issue.  See Snyder v. Ridenour, 889 F.2d 1363, 1364 (4th Cir. 1989) (finding that the party waived any right of appeal on these issues by failing to file timely objections to the magistrate's report with the district court); United States v. Gamba, 483 F.3d 942, 949 (9th Cir. 2007) (finding that a defendant in a criminal case waived his right to object to the

magistrate presence at closing arguments by failing to raise his objection when the district judge announced the agreement of the parties, at the time of the jury verdict, at sentencing, or in his first appeal); <u>Cabrera v. Cordis Corp.</u>, 134 F.3d 1418, 1420 (9th Cir. 1998) (a party cannot complain about a the district court following the wrong procedure at the hearing when the party did not object to the district court at the time); <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1197-98 (9th Cir.2003) (upholding district court's finding plaintiff had waived § 1983 arguments raised for first time in summary judgment motion where nothing in amended complaint suggested those arguments, and plaintiff offered no excuse or justification for failure to raise them earlier).

Here, the Magistrate Judge issued the original order regarding limiting Plaintiffs' time in Colleen Clark's deposition on January 17, 2007, nine days before the scheduled deposition in Canada.  If Plaintiffs thought that this limitation was inappropriate they could have sought reconsideration from the Magistrate Judge or appealed the January 17, 2007 Discovery Order to this Court and requested an expedited ruling.  Indeed, Plaintiffs were aware of Defendants' desire to divide up the seven hour deposition time more than one month before the discovery conference with the Magistrate Judge and the January 17, 2007 Discovery Order.  Furthermore, Plaintiffs discussed their concerns with the

Magistrate Judge at the discovery conference.  Moreover, Plaintiffs left for Canada, along with counsel for six defendants, with full knowledge that they were limited to four and ½ hours.  Plaintiffs did not attempt to reschedule the deposition, file a reconsideration order with the Magistrate Judge, or appeal the Discovery Order to this Court.  Instead, Plaintiffs waited for seven months after the deposition to raise again their argument that they needed additional time.  Having failed to raise their argument within 11 days of the order which limited their deposition time, Plaintiffs waived their argument that being limited to 4 and ½ hours was clearly erroneous.

Similarly, with respect to the legibility of Colleen Clark's handwritten notes, Plaintiffs waived their argument by not bringing it before this Court at or near the time of the deposition.  Plaintiffs may, however, through written interrogatories request that Colleen Clark clarify any illegible words in the notes.[1]

Finally, Plaintiffs' reliance on Malec v. Trs. of Boston Coll., 208 F.R.D. 23 (D. Mass. 2002) and Schmidt v. Levi Strauss & Co., No. C04-01026, 2006 WL 2192054 (N.D. Cal. Aug. 1, 2006) is misplaced.  In Malec, the court

---

[1]In addition, Defendants point out that Plaintiffs already deposed Clark as part of the Family Court proceeding in September 2003, and Clark was cross-examined by Plaintiffs' then counsel.

reviewed a request to extend the deposition by an additional seven hours. <u>Malec</u>, 208 F.R.D. at 24.  The court noted that the "better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period. If the parties cannot reach a stipulation, then Court intervention may be sought." <u>Id.</u>  Although that may be the better practice for local depositions where only two parties are involved and the parties may be able to seek the court's intervention on an immediate basis, that was certainly not the case here.  In addition, there is no indication that the court in <u>Malec</u> was dealing with a deposition in foreign country that counsel for six defendants, in addition to the plaintiff's counsel, would be attending.  Further, there was no indication in that decision that the party had an opportunity to make an argument earlier and waived such argument by failing to do so.

In <u>Schmidt</u>, the court cited <u>Malec</u> and noted that it is generally preferable to "proceed with the deposition under available limits because only then will it be evident whether additional time really is necessary."  2006 WL 2192054 at *2 (citing <u>Malec</u>, 208 F.R.D. at 24).  The court also stated, however, that

"Fed.R.Civ.P. 30 does not require that available time limits be exhausted before a party may move for relief." Id.  The Schmidt case is not on point because here, the parties had a discovery conference in which they discussed the time limits, requested relief, and an order was issued regarding that request.  Again, if Plaintiffs disagreed with that order, they could have appealed it or sought reconsideration prior to seven different party representatives flying to Canada.

          For these reasons, this Court DENIES Plaintiffs' appeal with respect to the deposition of Colleen Clark.

B.     Jerry Haldeman Deposition

          This Court finds that the Magistrate Judge did not commit clear error by adopting the Discovery Master's order, which found there to be no medical reason to limit Jerry Haldeman's deposition to five hours.  Indeed, the record is quite clear that it is Mr. Haldeman's wife, not Mr. Haldeman, that has the medical issues.  There being no good reason to limit Mr. Haldeman's deposition to five hours, this Court DENIES Plaintiffs' appeal.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' Objection to and Appeal from Order Discovery Order Filed September 17, 2007.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 1, 2007.


_____
David Alan Ezra
United States District Judge


Haldeman, et al. v. Golden, et al., CV No. 05-00810 DAE-KSC; ORDER DENYING PLAINTIFFS' OBJECTION TO AND APPEAL FROM DISCOVERY ORDER FILED SEPTEMBER 17, 2007