IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI′I

| | | |
|---|---|---|
| VANESSA HALDEMAN & | ) | CV NO 05-00810 DAE-KSC |
| BENJAMIN HALDEMAN, BY | ) | |
| THEIR PARENTS *AS NEXT* | ) | |
| *FRIENDS*; JOSEPH & DENISE | ) | |
| HALDEMAN; JOSEPH | ) | |
| HALDEMAN, individually; | ) | |
| DENISE HALDEMAN, | ) | |
| individually; JERRY HALDEMAN, | ) | |
| individually; & CAROL | ) | |
| HALDEMAN, individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RUTH GOLDEN, in her individual | ) | |
| capacity; PATRICIA NAVARRO, in | ) | |
| her individual capacity; CAROLINE | ) | |
| HAYASHI, in her individual | ) | |
| capacity; CYNTHIA NOEL, in her | ) | |
| individual capacity; UNIVERSITY | ) | |
| OF NATIONS PRE-SCHOOL, a | ) | |
| Private Agency; THE UNIVERSITY | ) | |
| OF NATIONS as Respondeat | ) | |
| Superior; ALEXANDER GRAVES, | ) | |
| in his individual capacity; COUNTY | ) | |
| OF HAWAII, a municipal entity; | ) | |
| KAREN DUTY, in her individual | ) | |
| capacity; DONALD CUPP, in his | ) | |
| individual capacity; JILL ACERO, in | ) | |
| her individual capacity; BOBBETTE | ) | |
| STRAUSS, in her individual | ) | |
| capacity; CHILD PROTECTIVE | ) | |
| SERVICES, an agency of the | ) | |
| Department of Human Services; | ) | |

DEPARTMENT OF HUMAN )
SERVICES [DHS], State of Hawaii; )
LILLIAN KOLLER, DIRECTOR )
OF DHS, in her official capacity; )
ANDREA MCCOLLUM, in her )
individual and professional capacity; )
LEGAL AID SOCIETY OF )
HAWAII, a Private Non-Profit )
Agency; DAVID KAULIA, in his )
individual capacity; COLLEEN )
CLARK, in her individual and )
professional capacity; CHILD AND )
FAMILY SERVICE, a Private Non- )
Profit Agency; JOINTLY AND )
SEVERALLY, )
 )
Defendants. )
_____ )

ORDER GRANTING DEFENDANTS UNIVERSITY OF THE NATIONS PRE-
SCHOOL, UNIVERSITY OF THE NATIONS, RUTH GOLDEN, PATRICIA
NAVARRO, CAROLINE HAYASHI, AND CYNTHIA NOEL'S
MOTION FOR SUMMARY JUDGMENT

On April 7, 2008, the Court heard Defendants University of the

Nations Pre-School, University of the Nations, Ruth Golden, Patricia Navarro,

Caroline Hayashi, and Cynthia Noel's Motion for Summary Judgment (Doc. #

766). William Deeley, Esq., and John Winnicki, Esq., appeared at the hearing on

behalf of Plaintiffs Vanessa Haldeman, Benjamin Haldeman,[1] Joseph Haldeman,

_____
[1] Vanessa and Benjamin Haldeman will be referred to collectively as "Minor Plaintiffs," the "Haldeman children," or the "children."  They will be referred to individually as "Vanessa" and "Benjamin."

2

Denise Haldeman, Jerry Haldeman, and Carol Haldeman;[2] E. Mason Martin, III, Esq., appeared at the hearing on behalf of Defendants University of Nations Pre-School, University of the Nations, Ruth Golden, Patricia Navarro, Caroline Hayashi, and Cynthia Noel (collectively, "Preschool Defendants"); Joseph K. Kamelamela, Deputy Corporation Counsel, appeared at the hearing on behalf of Defendant Alexander Graves and the County of Hawai`i; Julie A. Passa, Deputy Attorney General, appeared at the hearing on behalf of Defendant Donald Cupp; John R. Molay, Deputy Attorney General, appeared at the hearing on behalf of Defendant Karen Duty; John P. Gillmor, Michael S. Vincent, and Ryan S. Endo, Deputy Attorneys General, appeared at the hearing on behalf of Defendant Jill Acero; April Luria, Esq., appeared at the hearing on behalf of Defendants Child and Family Service and Colleen Clark; and William J. Nagle, Esq., appeared at the hearing on behalf of Defendants Bobbette Strauss and the Institute for Family Enrichment.  After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Preschool Defendants' Motion for Summary Judgment ("MSJ").

------

[2] Joseph, Denise, Jerry, and Carol Haldeman will be referred to collectively as "Adult Plaintiffs."  Joseph and Denise Haldeman will be referred to, respectively, as "Mr. Haldeman" and "Mrs. Haldeman" and as the "Haldeman parents" collectively.  Jerry and Carol Haldeman will be referred to as "Jerry" and "Carol," respectively, and as the "Haldeman grandparents" collectively.

## BACKGROUND

In July 2001, Mr. and Mrs. Haldeman enrolled their daughter, then four-year-old Vanessa Haldeman, in Defendants' University of the Nations Pre-School ("U.N. School" or "preschool") pursuant to the Enrollment and Financial Agreement dated July 7, 2001 (the "Agreement").  In late summer and early fall of 2002, Vanessa began acting out and engaging in sex play with other children at the U.N. School.  Vanessa exposed herself to other students, invited them to participate, and engaged in other sexualized behavior.

Specifically, in July 2002, Vanessa pulled down her underpants and asked another girl to do the same.  On July 17, 2002, Vanessa asked a young boy to touch her private area.  Defendant Golden, the director of the preschool, contacted Child Protective Services ("CPS") of the State of Hawaii's Department of Human Services ("DHS") that same day.  CPS did not start an investigation and it is unclear if and to what degree that the Haldeman parents were informed by Preschool Defendants of Vanessa's behavior.

In October 2002, Vanessa's sexualized behavior continued.  On October 11, 2002, Vanessa asked a boy to look under her dress and her underwear was pulled down.  On October 15, 2002, Vanessa forced a girl's head into her lap.  On October 18, 2002, Vanessa asked other children to take their underpants off.

4

On or about October 21, 2002, Mrs. Haldeman reported to the preschool that her daughter had been exposed to pornography on the internet. Golden advised Mrs. Haldeman to seek counseling and to install filtering software on her computer to prevent her children from being able to access pornography. Golden did not inform Mrs. Haldeman of Vanessa's sexualized behavior at that time.

On October 23, 2002, after a few other occasions of sexualized conduct by Vanessa, her teacher, Carol Hayashi, came into Golden's office with Vanessa and Vanessa stated that her daddy had shown her his penis, he had sucked on her private areas, and asked her to suck on his private areas. The U.N. School informed CPS about Vanessa's sexualized behavior and statement alleging sexual abuse on or about October 24, 2002. That same day, Defendant Karen Duty, a CPS social worker, and Defendant Alexander Graves, a former County of Hawai`i (the "County") Police Detective, went to the preschool and met with Golden and Hayashi. Based on the information obtained during this meeting, Vanessa and her then eight-year-old brother Benjamin, who was attending another school, were taken into custody. The children were taken to the Children's Justice Center in Kona to be interviewed. On October 31, 2002, following a hearing in the Family Court of the Third Circuit (the "Family Court"), the children were taken into foster

care.  On November 18, 2002, Graves conducted a follow-up investigation with the U.N. School.

In May 2003, the Haldeman grandparents filed a petition requesting to be appointed co-guardians.  In October 2003, the Family Court appointed the grandparents as co-guardians.  The Haldeman family moved and, in November 2003, the case was transferred to the Department of Human Services in Washington State.

In June of 2004, Mr. Haldeman was prosecuted and eventually acquitted of three criminal charges relating to the abuse allegations.  The family custody proceeding terminated in October 2005, when the Washington State family court dismissed all proceedings against the Haldeman parents and returned custody of the children to them.

On December 28, 2005, Plaintiffs filed a Complaint (Doc. # 1), which was amended on August 31, 2006 (Doc. # 140) and again on February 16, 2007 (Doc. # 374) ("Amended Complaint").  The Amended Complaint alleges constitutional violations pursuant to 42 U.S.C. § 1983 and various state law tort claims, discussed below.  On January 30, 2008, Preschool Defendants filed the instant MSJ.  Plaintiffs filed their opposition on March 20, 2008, and Preschool Defendants replied on March 27, 2008.

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings.  Porter, 419 F.3d  at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").  "[A]t least some 'significant probative evidence'" must be produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."  Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence

8

and inferences must be construed in the light most favorable to the nonmoving

party.  Porter, 419 F.3d at 891.  The court does not make credibility determinations

or weigh conflicting evidence at the summary judgment stage.  Id.  However,

inferences may be drawn from underlying facts not in dispute, as well as from

disputed facts that the judge is required to resolve in favor of the nonmoving party.

T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

Initially, the Court notes that Plaintiffs bring a total of ten causes of

action in their Amended Complaint.  Based on its careful review of the record, this

Court finds that the following six claims are brought against Preschool Defendants:

(1) Count 2 – conspiracy to violate civil rights under 42 U.S.C.

§ 1983;[3] (2) Count 4 – ordinary or common law negligence; (3) Count 5 – gross

negligence; (4) Count 6 – defamation per se; (5) Count 7 – intentional infliction of

emotional distress ("IIED"); and (6) Count 10 – invasion of privacy.[4]

---

[3] It appears that Plaintiffs' conspiracy claim for deprivation of civil rights is more appropriately brought pursuant to 42 U.S.C. § 1985.  Regardless, because § 1983 and § 1985 actions are both brought for alleged violations of civil rights as provided by federal law, the Court's analysis is not impacted.

[4] Count 1, which is for violation of civil rights under 42 U.S.C. § 1983, does not mention Preschool Defendants and appears directed at the State and Hawai`i County only.

It is unclear as to whether the defamation and invasion of privacy claims

In support of their MSJ, the Preschool Defendants claim that: (1) the law of the case doctrine bars Adult Plaintiffs' § 1983 claim pursuant to this Court's two December 12, 2006 Orders ("December 2006 Orders") dismissing such claims against Defendants Andrea McCollum and Legal Aid Society of Hawai`i ("LASH") ("LASH Order") and Defendants Karen Duty and Donald Cupp ("Duty/Cupp Order"); (2) the applicable statute of limitations bars Adult Plaintiffs' claims; (3) allegations against Defendants Navarro and Noel are unsubstantiated and must be dismissed; (4) Plaintiffs' state law claims are barred pursuant to Chapter 350 of the Hawai`i Revised Statutes ("Haw. Rev. Stat."); (5) Plaintiffs' constitutional and conspiracy claims are barred because the Preschool Defendants were neither state actors nor operating under color of state law and, regardless, there was no conspiracy to violate Plaintiffs' constitutional rights; and, (6) Plaintiffs' constitutional and conspiracy claims are barred by the good faith defense.

---

include Preschool Defendants.  Because Preschool Defendants address these arguments in their MSJ, the Court construes these claims as being brought against them.

The remaining causes of action are inapplicable to Preschool Defendants based on the nature of the claims: Count 3 – "Monnell" liability against Hawai`i County pursuant to 42 U.S.C. § 1983; Count 8 – social worker malpractice against Defendant Colleen Clark and Child and Family Services; and Count 9 – Attorney Malpractice against Defendant Andrea McCollum.

Plaintiffs claim that summary judgment is inappropriate because: (1) the law of the case doctrine is inapplicable because (a) the legal and factual issues underlying Adult Plaintiffs' claims against Preschool Defendants are different from the legal and factual issues underlying the Adult Plaintiffs' claims that were dismissed by this Court's December 2006 Orders, and (b) the mechanistic application of the law of the case doctrine would result in manifest injustice; (2) the statute of limitations does not bar Adult Plaintiffs' claims because the statute was equitably tolled until the termination of the family court and criminal proceedings; (3) even if the statute of limitations bars Adult Plaintiffs' claims of negligence and IIED, Adult Plaintiffs should be allowed to amend the Complaint to assert breach of contract claims, which are subject to Hawaii's six-year statute of limitations; (4) Preschool Defendants are not immune from liability under Haw. Rev. Stat. 350-3(a) because Plaintiffs' claims are not predicated merely upon the reporting to CPS of Vanessa's behavior and the making of the report was not made in good faith under the circumstances; (5) Defendants Navarro and Noel were both witnesses and reporters of Vanessa's sexualized behavior and there are genuine issues of fact as to whether they breached a duty to notify the parents; and (6) the question of whether the Preschool Defendants conspired with the State employee defendants ("State Defendants") is a question of fact, given that both Preschool

Defendants and State Defendants had the same motivation to pursue the

proceedings against the Haldemans knowing that the Haldemans would sue for

wrongful removal of their children.

I.   <u>Section 1983 Claims</u>

    A.   <u>Law of the Case/Statute of Limitations</u>

       Preschool Defendants assert that the Adult Plaintiffs' § 1983 claims

are barred because the Court's Duty/Cupp Order dismissing Plaintiffs' § 1983

claims against Duty and Cupp invokes the law of the case doctrine.[5]  Plaintiffs

argue that the law of the case doctrine does not apply because the claim at issue

here involves separate issues and separate defendants.  Furthermore, even if the

law of the case was applicable, its application is discretionary with this Court and,

as such, the Court should decline to exercise that discretion because the Adult

Plaintiffs' claims against Preschool Defendants is subject to equitable tolling.

       "The law of the case doctrine is a judicial invention designed to aid in

the efficient operation of court affairs."  <u>Milgard Tempering, Inc. v. Selas Corp. of

Am.</u>, 902 F.2d 703, 715 (9th Cir. 1990).  Under the doctrine, a court is "generally

precluded from reconsidering an issue previously decided by the same court[.]"

_____

[5] Preschool Defendants' limitations argument is limited to those claims
brought by Adult Plaintiffs because claims of minors do not begin to run until the
minor reaches the age of eighteen.  <u>See</u> Haw. Rev. Stat. § 657-13.

12

United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000).  For the

doctrine to apply, the issue in question must have been "decided explicitly or by

necessary implication in the previous disposition."  Id. (internal quotation and

citation omitted).  Application of the doctrine is discretionary.  Id.  A court abuses

its discretion in applying the law of the case only if: "(1) the first decision was

clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence

on remand was substantially different; (4) other changed circumstances exist; or

(5) a manifest injustice would otherwise result."  Ingle v. Circuit City, 408 F.3d

592, 594 (9th Cir. 2005).

    In the Duty/Cupp Order, this Court found dismissal of Adult

Plaintiffs' § 1983 claims against Duty and Cupp appropriate because the last

discrete act engaged in by Duty and Cupp occurred prior to October 2003.  As

such, those acts fell outside of the two-year statute of limitations period.[6]  In

---

[6] "Because § 1983 does not contain a statute of limitations, federal courts
apply the forum state's statute of limitations for personal injury claims."  Johnson
v. California, 207 F.3d 650, 653 (9th Cir. 2000).  Hawaii's personal injury statute
provides, "[a]ctions for the recovery of compensation for damage or injury to
persons or property shall be instituted within two years after the cause of action
accrued, and not after, except as provided in section 657-13."  Haw. Rev. Stat.
§ 657-7.  To determine when a statute of limitations period begins to run, this
Court must look to federal law to see "when a claim accrues."  Johnson, 207 F.3d
at 653.  Under federal law, a claim accrues when the plaintiff knows or should have
known of the injury.  See, e.g., Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir.
2001); RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).

addition, this Court determined that the only alleged act that may have fallen within the limitations period was merely a consequence of the operative decision (i.e. the decision to remove the Haldeman children from their respective schools and from parental custody) and, as a result, did not constitute a continuing violation for purposes of the limitations period.

Here, Preschool Defendants argue that they are entitled to similar relief because any actions taken by Preschool Defendants occurred prior to actions taken by Duty and Cupp and therefore also fall outside the limitations period. This Court agrees. While the defendants are different, the issues are substantively similar. The alleged acts by Preschool Defendants upon which Plaintiffs § 1983 claims are premised involve the preschool's response to Vanessa's statements, the subsequent alerting of CPS, and certain Preschool Defendants' participation in the family and criminal court proceedings.

It is undisputed that Preschool Defendants alerted CPS on or about October 24, 2002. Preschool Defendants also provided evidence establishing that their only involvement subsequent to this date was during: (1) the November 18, 2002 follow-up investigation by Graves; (2) the execution of a search warrant at the U.N. School for all documents related to Plaintiffs; (3) the deposition of Preschool Defendants Golden, Hayashi, Navarro, and Noel during the Family

14

Court proceeding; and (4) Golden's testimony at the family court proceeding. Finally, the record reflects that Preschool Defendants were not deposed or asked to testify in the criminal matter against Mr. Haldeman.

As this Court found in the Duty/Cupp Order, in determining when an act occurs for statute of limitations purposes, this Court looks at when the operative decision occurred and separates from the operative decisions those inevitable consequences that are not separately actionable. RK Ventures, Inc., 307 F.3d at 1058 (9th Cir. 2002) (finding that a final decision to institute abatement hearings was the operative action in a § 1983 case, while the actual beginning of the hearing was simply an effect of that decision and not separately unconstitutional). Here, the operative decision by Preschool Defendants was to inform CPS of their concerns that Vanessa had been abused by Mr. Haldeman. Any actions taken by Preschool Defendants prior to the reporting to CPS occurred before October of 2002 and, therefore, fell outside the limitations period. Subsequent actions taken by Preschool Defendants were merely a consequence of the decision to inform CPS and, as such, are not separately actionable.

Plaintiffs contend that the mechanistic application of the law of the case doctrine will result in manifest injustice because their § 1983 claims are subject to equitable tolling. Unless Congress has provided otherwise, courts

15

generally apply a rebuttable presumption that a statute of limitations is subject to equitable tolling.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000). "The running of the statute of limitations can be equitably tolled for a complaint filed after its expiration where a plaintiff demonstrates '(1) that he [petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  Felter v. Norton, 412 F. Supp. 2d 118, 126 (D. D.C. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408 (2005)).  Extraordinary circumstances are circumstances beyond the control of the complainant, which make it impossible to file a complaint within the statute of limitations, Cicero, 214 F.3d at 203, including government conduct that "lulled" a complainant into inaction, Curtiss v. Mt. Pleasant Corr. Facility, 338 F.3d 851, 855 (8th Cir. 2003), and falsities that mislead a petitioner.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001).

　　　　　Plaintiffs cite no law nor do they provide any factual support for their equitable tolling argument.  Instead, Plaintiffs summarily state that they were not in a position, financially or emotionally, to pursue the instant action while the family and criminal court matters were proceeding.  Even taking this contention as true, Plaintiffs still did not satisfy the first element required to equitably toll their claim. Specifically, Plaintiffs did not provide any evidence that they diligently pursued their rights as they relate to the instant federal and state claims.  The Court notes

16

that Plaintiffs put forth a similar "continuing violation" argument in their

opposition to Duty and Cupp's motion to dismiss, which this Court rejected.[7]

While this Court acknowledges that the Haldeman family has undoubtedly suffered

as a result of this incident, this fact does not in of itself relieve Plaintiffs of their

burden to file their complaint within the requisite limitations period.  Based on the

foregoing discussion, Adult Plaintiffs § 1983 claims against Preschool Defendants

are barred by the statute of limitations.

Plaintiffs next assert that, should the Court find that Adult Plaintiffs' §

1983 claims are time barred, Plaintiffs should be afforded leave to amend their

Amended Complaint to include a claim for breach of contract.  Plaintiffs argue that

Preschool Defendants provided care to Vanessa pursuant to the Agreement, which

required parental notification of inappropriate behavior on the part of the child.

The deadline to amend the complaint pursuant to the Second Amended Rule 16

Scheduling Conference orders was January 12, 2007.  This deadline has long since

passed.  As stated at the hearing, this Court will not entertain an untimely motion

---

[7] The Court found that the actions of Duty and Cupp did not constitute a continuing violation because their alleged wrongs were not the result of a culmination of violations that built up over time to create the wrongs.  (Duty/Cupp Order at 10.)

to amend a complaint that is inappropriately raised during summary judgment
proceedings.

In sum, Plaintiffs' cause of action was not equitably tolled and the
actions of Preschool Defendants upon which Adult Plaintiffs' § 1983 claims are
based fell outside the limitations period.  Regardless of whether the Court applies
the law of the case doctrine or the statute of limitations, Adult Plaintiffs' § 1983
claims are time barred.  Accordingly, Preschool Defendants' motion is GRANTED
as to Adult Plaintiffs' § 1983 claims.

B. <u>Substantive Merits of Plaintiffs' Section 1983 Claim</u>

Even if Adult Plaintiffs' § 1983 conspiracy claim was not time barred,
Preschool Defendants contend that the claim is substantively meritless as to all
Plaintiffs, including Minor Plaintiffs.  Preschool Defendants argue that: (1) they
were neither state actors nor acting under color of state law; (2) there are no facts
supporting a conspiracy claim against them; (3) mere cooperation with police or
authorities does not constitute conspiracy; and (4) the conspiracy claim is obviated
by the good faith defense.  Plaintiffs, while admitting that discovery did not
produce evidence of extensive communications between Preschool Defendants and
State employees or their agents regarding the Haldeman matter after the initial
"seizure" of Vanessa, assert that Preschool Defendants conspired with State

18

Defendants because of their similar motivations to pursue the child abuse charges against Mr. Haldeman, knowing that Plaintiffs would sue them and because they were the State's witnesses in the court proceedings against the Haldemans.  For the reasons set forth below, the Court finds that Preschool Defendants were not state actors nor operating under color of state law and, furthermore, that there was no evidence of a conspiracy between Preschool Defendants and State Defendants.

> Section 1983 provides as follows:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States   . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. §1983.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) a deprivation of a constitutional right, and (2) that the deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  A plaintiff may establish that a private individual or entity acted under color of state law by showing that the private party conspired with or engaged in joint action with a state agent.  Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989).  It is presumed that private parties are not acting under color

of state law for purposes of § 1983.  Sutton v. Providence St. Joseph Med. Ctr.,

192 F.3d 826, 835 (9th Cir. 1999).

Although § 1983 actions do not generally apply to private parties, they

"can lie against a private party when 'he is a willing participant in joint action with

the State or its agents.'"  Id. (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

The joint action test may be satisfied if a conspiracy is shown.  Howerton v.

Gabica, 708 F.2d 380, 383 (9th Cir. 1983) (internal quotations omitted).  The Ninth

Circuit requires more than "a relationship of cause and effect between the

complaint and the prosecution" to prove conspiracy.  Radcliffe v. Rainbow Constr.

Co., 254 F.3d 772, 784 (9th Cir. 2001), cert. denied, 534 U.S. 1020 (2001).  A

plaintiff must allege an "'agreement or meeting of the minds' to violate

constitutional rights" between a private party and the government.  Fonda v. Gray,

707 F.2d 435, 438 (9th Cir. 1983) (quoting Adickes v. S.H. Kress & Co., 398 U.S.

144, 152 (1970)).  "To be liable as a co-conspirator, a private defendant must share

with the public entity the goal of violating a plaintiff's constitutional rights."

Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002).  The Ninth Circuit requires a

"substantial degree of cooperation" between the government and a private citizen

before finding such a conspiracy.  Id.

20

Plaintiffs claim that they know Preschool Defendants and State

Defendants were similarly motivated to pursue child abuse charges against Mr.

Haldeman because they knew that Mr. Haldeman would subsequently sue them.

While the Court is unclear as to how this allegation, even if true, leads to the

conclusion that a conspiracy was formed, Plaintiffs have nonetheless failed to cite

a single fact in support of this proposition.  Two entities having similar concerns

regarding a possible future law suit falls well below the required "meeting of the

minds" for a conspiracy to violate constitutional rights.  Furthermore, Preschool

Defendants testified that they did not conspire with any other Defendants to

deprive Plaintiffs of their rights.  In addition, it is undisputed that Preschool

Defendants are private persons and entities and, therefore, not state actors.

Preschool Defendants' interactions with the State consisted of making the initial

report to CPS and then providing information in support of the subsequent

investigation.  The only involvement of Preschool Defendants after this point was

Golden's testimony at the Family Court proceeding.[8]  Plaintiffs have directed this

Court to no evidence to suggest conspiratorial actions on the part of Preschool

Defendants and, accordingly, summary judgment is appropriate on this issue.

---

[8] None of the other named Preschool Defendants were deposed or asked to
testify in Mr. Haldeman's criminal trial.

21

Based on the foregoing discussion, the Court GRANTS Preschool Defendants' MSJ as to all Plaintiffs' § 1983 claims.

II.  Statute of Limitations

A.  Statute of Limitations

Preschool Defendants assert that Adult Plaintiffs' State law tort claims for ordinary negligence, gross negligence, defamation per se, IIED, and invasion of privacy are barred by the statue of limitations.  Plaintiffs do not offer an argument in response.  Presumably, Plaintiffs rely on their equitable tolling argument made in response to Preschool Defendants' § 1983 arguments.  Because the same statute of limitations applies here as to Plaintiffs' § 1983 claims and because the same events form the basis of Plaintiffs' State law claims, the Court hereby adopts its previous discussion from Section I.A and finds that the statute of limitations similarly bars Adult Plaintiffs' State law claims.  In the interests of clarity, however, the Court will briefly expand upon this finding below.

As discussed previously, Haw. Rev. Stat. § 657-7 sets a two-year statute of limitations for general tort claims in Hawai`i.  Negligence accrues "when plaintiff discovers, or through the reasonable diligence should have discovered, (1) damage; (2) violation of the duty, and (3) the causal connection between the violation of the duty and the damage."  Jacoby v. Kaiser Found. Hosp., 622 P.2d

22

613, 617 (Haw. App. 1981).  The exercise of reasonable diligence "means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist."  <u>Assoc. of Apartment Owners of Newton Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.</u>, 167 P.3d 225, 270-71 (Haw. 2007).

  The Court again finds that the decision to alert CPS to the allegations of abuse, which, in turn, led to the removal of the Haldeman children from their respective schools and eventually the Haldeman home, was the operative decision for statute of limitations purposes.  Preschool Defendants' involvement after this date was a mere consequence of the reporting.  Furthermore, as previously discussed, Preschool Defendants' participation in events subsequent to the report were of such minimal degree that there is no question of fact that Plaintiffs' State law claims accrued on or around the date of the report to CPS.  Finally, Plaintiffs have not provided the Court with any evidence that Preschool Defendants had any involvement with the subsequent events of this case on or after December 28, 2003, which was two years before the filing of the Complaint.  For these reasons,

all State tort law claims brought against Preschool Defendants are time barred as to

Adult Plaintiffs.

B. <u>Statutory Immunity</u>

Preschool Defendants alternatively argue that they are immune from

civil liability pursuant to Haw. Rev. Stat. § 350-3(b) given that: (1) the Preschool

Defendants are expressly mandated by Haw. Rev. Stat. § 350-1.1 to make reports

of suspected abuse when there is reason to believe that abuse or neglect has

occurred or there exists a substantial risk that child abuse or neglect may occur in

the reasonably foreseeable future; and (2) Preschool Defendants are entitled to

absolute immunity from civil liability for taking such actions pursuant to Haw.

Rev. Stat. § 350-3(a).  Plaintiffs claim that Preschool Defendants' argument is

predicated upon misrepresentations of the nature of Plaintiffs' claims against

Preschool Defendants.  Specifically, Plaintiffs contend that their State law claims[9]

are not predicated on the singular act of reporting the suspected abuse but, rather,

are based on Preschool Defendants' actions leading up to and including the actual

---

[9] Plaintiffs refer only to their claims of negligence, gross negligence, and IIED for purposes of their argument as it relates to their State claims.  It is unclear to the Court what argument, if any, Plaintiffs raise regarding their defamation per se and invasion of privacy claims.

reporting of the suspected abuse.  For the reasons below, this Court agrees with Preschool Defendants.

Haw. Rev. Stat. § 350-1.1 states in relevant part that employees or officers of any public or private school "who, in their professional or official capacity, have reason to believe that child abuse or neglect has occurred or that there exists a substantial risk that child abuse or neglect may occur in the reasonably foreseeable future, shall immediately report the matter orally to the department or to the police department . . . ."  Furthermore, Haw. Rev. Stat. § 350-3(a) provides that: "[a]nyone participating in good faith in the making of a report pursuant to this chapter shall have immunity from any liability, civil or criminal, that might be otherwise incurred or imposed by or as a result of the making of such report.  Any such participant shall have the same immunity with respect to participation in any judicial proceeding resulting from such report."

As stated in the LASH Order, there are no Hawai`i state or federal cases interpreting Haw. Rev. Stat. § 350-3.  Nevertheless, this Court finds that the plain language of § 350-1.1 and § 350-3(a), when read in conjunction, establishes that: (1) Preschool Defendants were mandated by law to immediately report their belief that Vanessa had been abused, and, (2) provided this report was made in good faith, Preschool Defendants are immune from the instant claims brought

25

against them as a result of this reporting.  Accordingly, the critical issue to

determine is whether Preschool Defendants made the report to CPS in good faith.

      The term good faith is not defined in Chapter 350 and Hawai`i case

law does not provide any relevant assistance.  "Good faith" refers to a state of mind

consisting of honesty in belief or purpose, faithfulness to one's duty or obligation,

and absence of an intent to defraud or to seek unconscionable advantage.  <u>See</u>

<u>Black's Law Dictionary</u> 713 (8th ed. 1999).  Here, the volume of factual evidence

supports Preschool Defendants' belief that Vanessa was abused and the lack of

dispute between the parties regarding these facts establishes that there is no

genuine issue of fact that Preschool Defendants acted in good faith.  Plaintiffs do

not dispute the numerous incidents of sex play documented by Preschool

Defendants, nor do Plaintiffs claim that Vanessa did not make a remark implicating

Mr. Haldeman in abuse.   Instead, Plaintiffs and Preschool Defendants

acknowledge in their respective motions and attached exhibits that there had been a

substantial number of incidents of Vanessa's sex play at the school and that, on

October 23, 2002, Vanessa told her teacher that her father had showed her his penis

and asked her to suck on it.

      Plaintiffs emphasize that they do not merely quibble with Preschool

Defendants' reporting to CPS but, rather, they allege that the preschool's response

to the incidents themselves amounted to "indoctrination, reinforcement, and grossly negligent failure to inform parents." (Pls.' Opp'n. at 3.) Even taking these allegations as true, they are irrelevant to whether Preschool Defendants made the report itself in good faith. Plaintiffs have supplied this Court with no evidence implying that the reporting was done in bad faith, other than vague insinuations of malicious motives based on the possibility of a civil suit by the Haldemans. Moreover, even if the possibility of being sued was enough to demonstrate lack of good faith, Preschool Defendants made the report to CPS <u>before</u> the Haldemans threatened suit. Thus, the fact that a lawsuit was threatened could not have been a bad faith motivation. Accordingly, because Preschool Defendants were mandated to report the suspected abuse and because Haw. Rev. Stat. § 350-3(a) confers immunity upon Preschool Defendants for a report made in good faith, Preschool Defendants have immunity from Plaintiffs' remaining State claims.

<u>CONCLUSION</u>

For the reasons stated above, this Court GRANTS Preschool

Defendants' MSJ on all claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, April 29, 2008.



_____
David Alan Ezra
United States District Judge

<u>Vanessa Haldeman, et al. vs. Ruth Golden, et al.</u>, Civil No. 05-00810 DAE-KSC; ORDER GRANTING DEFENDANTS UNIVERSITY OF THE NATIONS PRE-SCHOOL, UNIVERSITY OF THE NATIONS, RUTH GOLDEN, PATRICIA NAVARRO, CAROLINE HAYASHI, AND CYNTHIA NOEL'S MOTION FOR SUMMARY JUDGMENT