IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VANESSA HALDEMAN and BENJAMIN HALDEMAN, BY THEIR PARENTS AS NEXT FRIENDS; JOSEPH & DENISE HALDEMAN; JOSEPH HALDEMAN, individually; DENISE HALDEMAN, individually; JERRY HALDEMAN, individually; and CAROL HALDEMAN, individually, | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 05-00810 DAE-KSC<br><br>REPORT OF SPECIAL MASTER REGARDING PLAINTIFFS' OBJECTIONS TO DEFENDANT KAREN DUTY'S BILL OF COSTS |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) ) | |
| RUTH GOLDEN, in her individual capacity; PATRICIA NOVARRO, in her individual capacity; CAROLINE HAYASHI, in her individual capacity; CYNTHIA NOEL, in her individual capacity; UNIVERSITY OF NATIONS PRE-SCHOOL, a Private Agency; THE UNIVERSITY OF NATIONS as Respondeat Superior; ALEXANDER GRAVES, in his individual capacity; COUNTY OF HAWAII, a municipal entity; KAREN DUTY, in her individual capacity; DONALD CUPP, in his individual capacity; JILL ACERO, in her individual capacity; BOBBETTE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

```
STRAUSS, in her              )
individual capacity;         )
CHILD PROTECTIVE             )
SERVICES, an agency of       )
the Department of Human      )
Services; DEPARTMENT OF      )
HUMAN SERVICES [DHS],        )
State of Hawaii; LILLIAN     )
KOLLER, DIRECTOR OF DHS,     )
in her official capacity;    )
ANDREA MCCOLLUM, in her      )
individual and              )
professional capacity;       )
LEGAL AID SOCIETY OF         )
HAWAII, a Private Non-       )
Profit Agency; DAVID         )
KAULIA, in his individual    )
capacity; COLLEEN CLARK,     )
in her individual and        )
professional capacity;       )
CHILD AND FAMILY SERVICE,    )
a Private Non-Profit         )
Agency; JOINTLY AND          )
SEVERALLY,                   )
                             )
              Defendants.    )
_____ )
```

## REPORT OF SPECIAL MASTER REGARDING PLAINTIFFS' OBJECTIONS TO DEFENDANT KAREN DUTY'S BILL OF COSTS

Before the Court is Plaintiffs' Objections to

Defendant Karen Duty's ("Defendant") Bill of Costs

("BOC"), filed March 19, 2010.  As directed by the

Court, Defendant's counsel submitted a Supplemental

Declaration on March 23, 2010.  The Court finds this

matter suitable for disposition without a hearing
pursuant to Rule 7.2(d) of the Local Rules of Practice
of the United States District Court for the District of
Hawaii ("Local Rules").

As an initial matter, the Court notes that the
Objection is untimely.  Defendant filed and
electronically served the BOC on March 8, 2010.  In
accordance with Local Rule 54.2(d) and Rule 6(d) of the
Federal Rules of Civil Procedure ("FRCP"), Plaintiffs
had ten days, or until March 18, 2010, to file and
serve their objections.  Local Rule 54.2(d) ("Within
seven (7) days after a Bill of Costs is served, the
party against whom costs are claimed must file and
serve any specific objections, succinctly setting forth
the grounds and authorities for each objection."); Fed.
R. Civ. P. 6(d) ("When a party may or must act within a
specified time after service and service is made under
Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added
after the period would otherwise expire under Rule
6(a).").  For this reason alone, the Court could
disregard the objections and grant Defendant's request

3

in full.  However, given the amount of costs requested, the Court will conduct its own review to determine whether the costs are taxable.

After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Plaintiffs' Objections be OVERRULED.  The Court recommends that costs be taxed against Plaintiffs in the amount of $23,836.96.

<u>BACKGROUND</u>

As the parties and the Court are familiar with the extensive history of this case, the Court will limit the background to those facts relevant to the instant Objections.

On December 12, 2006, United States District Judge David Alan Ezra issued an Order Granting Defendant Karen Duty's Motion to Dismiss Adult Plaintiffs' § 1983 Claims and Granting Defendant Donald Cupp's Motion to Dismiss Adult Plaintiffs' § 1983 Claims.  On February 13, 2007, Judge Ezra issued an Order Granting Defendant Karen Duty's Motion to Dismiss Adult Plaintiffs' State Law Tort Claims and Granting Defendant Donald Cupp's Motion to Dismiss Adult

4

Plaintiffs' State Law Tort Claims.

On February 27, 2008, Judge Ezra filed an Order Granting in Part and Denying in Part Defendant Karen Duty's Motion for Summary Judgment, wherein he found that she was entitled to immunity on the state law tort claims for some of her conduct and entitled to qualified immunity on the § 1983 claims for some of her conduct.  Judge Ezra further held that Plaintiffs presented enough claims on their conspiracy claim to survive summary judgment.  Both Defendant and Plaintiffs appealed portions of the Order to the Ninth Circuit.

On November 23, 2009, the Ninth Circuit reversed the denial of qualified immunity and state law immunity.  The Ninth Circuit directed this district court to dismiss all claims against Defendant.

On February 23, 2010, Judge Ezra entered an Order (1) Granting Karen Duty's Motion for Issuance of Judgment in Conformance with Mandate of Ninth Circuit and (2) Dismissing All Claims Against Karen Duty and Donald Cupp.  Judgment was entered in Defendant's favor

5

that same day.

## DISCUSSION

Defendant now requests costs in the amount of $26,349.22[1] pursuant to FRCP 54(d)(1).

I.   Entitlement to Costs

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999).

Insofar as Judge Ezra dismissed Adult Plaintiffs' § 1983 and state law tort claims against Defendant, the Ninth Circuit ordered that Defendant be dismissed from the action, and judgment has been

---

[1]  Defendant initially requested $27,019.48, but withdrew the $670.26 request for appellate costs.

entered in Defendant's favor, she is a "prevailing party" for the purpose of awarding costs under Rule 54(d)(1).  The Ninth Circuit has held that in determining whether to award costs to a prevailing party, district courts may consider the financial resources of the losing party; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

In considering the factors set forth in Save Our Valley, the Court finds that the present circumstances do not warrant a denial of costs.  First, Plaintiffs have not argued, nor is there evidence to suggest, that they would be rendered indigent by the costs requested.  Second, the Court does not believe that the imposition of costs will have a chilling effect on future litigants.  Third, the Court is

unaware of any misconduct on the part of Defendant.

Finally, in assessing the merits of Plaintiffs' claims,

it is apparent, based on the rulings obtained by

Defendant, that Plaintiffs' claims against her lacked

merit.  Accordingly, the Court recommends that the

district court tax costs in Defendant's favor.

II.  Calculation of Taxable Costs

While courts have discretion to award costs

pursuant to Rule 54(d), courts may only tax the costs

specified in 28 U.S.C. § 1920.  See Yasui, 78 F. Supp.

2d at 1126 (citing Alflex Corp. v. Underwriters

Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990);

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S.

437, 441-42 (1987)).  Section 1920 enumerates the

following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all
> or any part of the stenographic
> transcript necessarily obtained for
> use in the case;
> (3) Fees and disbursements for
> printing and witnesses;
> (4) Fees for exemplification and
> copies of papers necessarily obtained
> for use in the case;

8

> (5) Docket fees under section 1923 of
> the title;
> (6) Compensation of court appointed
> experts, compensation of interpreters,
> and salaries, fees, expenses, and
> costs of special interpretation
> services under section 1828 of this
> title.

28 U.S.C. § 1920; <u>Yasui</u>, 78 F. Supp. 2d at 1126.  The

Court addresses each of the costs requested by

Defendant in turn.

   A.   <u>Deposition Transcript/Video Costs</u>

        Defendant requests taxation of a number of

deposition transcript costs totaling $22,025.66.

Deputy Attorney General John Molay represents that all

of the deposition transcript were ordered to prepare

motions and prepare for trial.  Plaintiffs contest the

taxation of costs for non-party deposition transcripts,

as well as for expert witness Michael Lyman, arguing

that the depositions were taken merely for the purposes

of discovery and could not be reasonably expected to be

used as evidence at trial.  Plaintiffs rely on an

incorrect standard.

        Section 1920(2) authorizes recovery of the

"[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Moreover, Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable.  A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).  Contrary to Plaintiffs' argument, a deposition need not be introduced in evidence or used at trial.  Instead, Defendant must only establish, as she has, that she reasonably expected that the deposition would be used for trial preparation.  Accordingly, the Court recommends that the district court tax deposition transcript costs pursuant to § 1920(2) and Local Rule 54.2(f) in the amount of $22,025.66.

Defendant additionally seeks $209.42 for DVD copies of Plaintiffs Vanessa and Benjamin Haldeman's

depositions.   Plaintiffs challenge this request on the grounds that it is duplicative of the stenographic version of the transcript.   The Court finds that Local Rule 54.2(f)(2) authorizes the DVD copies and therefore recommends that the district court award $209.42 for the same.

Defendant lastly requests transcript costs in the amount of $2,512.26 from Plaintiff Joseph Haldeman's state court criminal trial, which was reviewed in preparation for trial and pretrial proceedings.   Although § 1920(2) allows for the recovery of fees of the court reporter for transcripts necessarily obtained for use in the case, the Court finds that § 1920(2) cannot be read so liberally as to authorize taxation of transcript costs from prior state court proceedings, even if the Court agrees that Defendant necessarily obtained them for use in this case.   Consequently, the Court recommends that the district court deny the request for the state court transcript costs.

B.   Court Reporter Transcript Costs

Defendant request $167.54 for court transcripts of her motions for summary judgment.  Plaintiffs argue that these costs are not taxable under Local Rule 54.2(f).  Plaintiffs have again failed to recognize statutory authority permitting the recovery of court transcripts.  Section 1920(2) explicitly provides for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  This statute clearly authorizes the taxation of the transcript costs for Defendant's motions for summary judgment, which were necessarily obtained for use in this case.  As such, the Court recommends that the district court award $167.54 for court transcript costs.

C.   Copying Costs

Defendant requests $1,434.34 in copying costs for various records obtained for use in the case.  In particular, she requests $735.54 for medical records; $151.38 for records provided by Plaintiffs; $144.82 for

school records; and $402.60 for County of Hawaii

records.

Section 1920(4) explicitly provides for the

taxation of copying costs.  Local Rule 54.2(f)4 further

specifies that:

> The cost of copies necessarily obtained
> for use in the case is taxable provided
> the party seeking recovery submits an
> affidavit describing the documents copied,
> the number of pages copied, the cost per
> page, and the use of or intended purpose
> for the items copied.  As of the effective
> date of these rules, the practice of this
> court is to allow taxation of copies at
> $.15 per page or the actual cost charged
> by commercial copiers, provided such
> charges are reasonable.  The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not allowable.

Local Rule 54.2(f)(4).  After carefully reviewing the

receipts submitted by Defendant, the Court finds that

the requested costs are recoverable.

First, the Court recommends taxation of the

costs to obtain medical records from Overlake Medical

Center Records, John Dunne, MD, and Mingus Center.

Defendant has established that these records were

13

necessarily obtained for use in the case.  Although the

per page copying rate exceeds that allowed in this

district, the Court find that the costs are reasonable

because Defendant obtained copies from court reporter

services, which are in essence "commercial copiers."

Second, the Court recommends that the district

court award $547.42[2] for school records and County of

Hawaii records for the aforementioned reasons.

Finally, the Court recommends taxation of the

cost incurred in copying records produced by

Plaintiffs.  Professional Image copied the documents.

Supplemental Decl., Exs. 13 & 16.  Inasmuch as the per

---

[2]  Exhibit 31 indicates that Defendant incurred
$58.33 (one-ninth of $525.00) for **service of subpoenas**
for the record depositions of Issaquah Middle School
and Big park Community School and the oral depositions
of Heather Tatum and John F. Pastor, M.D.  It therefore
appears that these costs were not incurred to obtain
records, but rather, to serve subpoenas.  Assuming the
Court's interpretation of this Exhibit is correct, the
costs would nevertheless be recoverable under § 1920(1)
and Local Rule 54.2(f)(1), which authorizes "[f]ees for
the service of . . . subpoenas by some other than the
marshal . . . to the extent they are reasonably
required and actually incurred."  Local Rule
54.2(f)(1).

14

page rate charged is within the limits permitted under Local Rule 54.2(f)(4) and Professional Image is a commercial copier, the Court finds that $151.38 in costs for copies of records produced by Plaintiffs was reasonably incurred and should be taxed against Plaintiffs.

The Court accordingly recommends that the district court award $1,434.34 in copying costs.

D.   <u>Total Cost Award</u>

In sum, the Court recommends an award of $23,836.96 because such costs are authorized under § 1920 and/or Local Rule 54.2(f), and because they were reasonably and necessarily incurred by Defendant in litigating this case.

<u>CONCLUSION</u>

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiffs' Objections to Defendant Karen Duty's Bill of Costs, filed March 19, 2010, be OVERRULED and that costs be taxed against Plaintiffs in the amount of

$23,836.96.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 8, 2010



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 05-00810 DAE-KSC; HALDEMAN, ET AL. V. GOLDEN, ET AL.; REPORT OF SPECIAL MASTER REGARDING PLAINTIFFS' OBJECTIONS TO DEFENDANT KAREN DUTY'S BILL OF COSTS