IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VANESSA HALDEMAN and | ) | CIVIL NO. 05-00810 DAE-KSC |
| BENJAMIN HALDEMAN, BY | ) | |
| THEIR PARENTS AS NEXT | ) | |
| FRIENDS; JOSEPH & DENISE | ) | |
| HALDEMAN; JOSEPH | ) | |
| HALDEMAN, individually; | ) | |
| DENISE HALDEMAN, | ) | |
| individually; JERRY | ) | |
| HALDEMAN, individually; | ) | |
| and CAROL HALDEMAN, | ) | |
| individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RUTH GOLDEN, in her | ) | |
| individual capacity; | ) | |
| PATRICIA NOVARRO, in her | ) | |
| individual capacity; | ) | |
| CAROLINE HAYASHI, in her | ) | |
| individual capacity; | ) | |
| CYNTHIA NOEL, in her | ) | |
| individual capacity; | ) | |
| UNIVERSITY OF NATIONS | ) | |
| PRE-SCHOOL, a Private | ) | |
| Agency; THE UNIVERSITY OF | ) | |
| NATIONS as Respondeat | ) | |
| Superior; ALEXANDER | ) | |
| GRAVES, in his individual | ) | |
| capacity; COUNTY OF | ) | |
| HAWAII, a municipal | ) | |
| entity; KAREN DUTY, in | ) | |
| her individual capacity; | ) | |

1

DONALD CUPP, in his                         )
individual capacity; JILL                   )
ACERO, in her individual                    )
capacity; BOBBETTE STRAUSS, in )
her                                         )
individual capacity;                        )
CHILD PROTECTIVE                            )
SERVICES, an agency of                      )
the Department of Human                     )
Services; DEPARTMENT OF                     )
HUMAN SERVICES [DHS],                       )
State of Hawaii; LILLIAN                    )
KOLLER, DIRECTOR OF DHS,                    )
in her official capacity;                   )
ANDREA MCCOLLUM, in her                     )
individual and                              )
professional capacity;                      )
LEGAL AID SOCIETY OF                        )
HAWAII, a Private Non-                      )
Profit Agency; DAVID                        )
KAULIA, in his individual                   )
capacity; COLLEEN CLARK,                    )
in her individual and                       )
professional capacity;                      )
CHILD AND FAMILY SERVICE,                   )
a Private Non-Profit                        )
Agency; JOINTLY AND                         )
SEVERALLY,                                  )
                                            )
                    Defendants.             )
_____            )


## ORDER AFFIRMING IN PART AND REVERSING IN PART THE REPORT OF SPECIAL MASTER REGARDING PLAINTIFFS' OBJECTIONS TO DEFENDANT KAREN DUTY'S BILL OF COSTS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  On April 8, 2010, U.S. Magistrate Judge Kevin S.C. Chang filed his Report of Special Master Regarding Plaintiffs' Objections to Defendant Karen Duty's Bill of Costs (the "Report").  ("Report," Doc. # 1077.)  The Report found that Defendant Karen Duty ("Duty") is entitled to costs taxed against Plaintiffs in the amount of $23,836.96.  (Report at 4.)

Currently before the court is Plaintiffs' Objections to Report, in which they argue that Duty is not a prevailing party and certain costs should be disallowed.  ("Objections," Doc. # 1078.)  Defendant disagrees and argues that the Report should be affirmed.  ("Response," Doc. # 1079.)  After reviewing Plaintiffs' Objections and the supporting and opposing memoranda, the Court **AFFIRMS IN PART AND REVERSES IN PART** the Report of the Special Master Regarding Plaintiffs' Objections to Defendant Karen Duty's Bill of Costs.

The Report is reversed as to the recommendation that this Court tax $167.54 for court transcripts of Duty's motions for summary judgment.  The Report is also reversed as to the recommendation that this Court tax $1,434.34 for copying costs.  The Court **DENIES WITHOUT PREJUDICE** Duty's request for copying costs.  Duty may re-file a request for the copying costs outlined in the instant Bill of Costs but must state why such costs were necessarily obtained for a

reimbursable use in the case.  The Court taxes costs in the amount of $22,235.08 against Plaintiffs.

## **BACKGROUND**

As the parties and the Court are familiar with the extensive history of this case, the Court will limit the background to those facts relevant to the instant Objections.  On November 23, 2009, following an order by and appeal from this Court, the Ninth Circuit directed this Court to dismiss all claims against Defendant Duty.  (Doc. # 1051.)  On February 23, 2010, this Court entered an Order (1) Granting Karen Duty's Motion for Issuance of Judgment in Conformance with Mandate of Ninth Circuit and (2) Dismissing All Claims Against Karen Duty and Donald Cupp.  (Doc. # 1066.)  Judgment was entered in Duty's favor.  (See Doc. # 1067.)

On March 8, 2010, Duty filed a Bill of Costs.  ("BOC," Doc. # 1068.) On March 19, 2010, Plaintiffs filed an Objection.  (Doc. # 1069.)  The Magistrate Judge directed Duty to supplement her Bill of Costs request with the proper documentation.  (Doc. # 1070.)  On March 23, 2010, Duty filed her Supplemental Declaration in Support of Cost Bill.  ("Supp. Decl.," Doc. # 1071.)  On April 8, 2010, Magistrate Judge Chang issued the Report taxing costs against Plaintiffs in the amount of $23,836.96.  (Doc. # 1077.)  On April 29, 2010, Plaintiffs filed their

instant Objections.  (Doc. # 1078.)  On May 12, 2010, Duty filed her Response.

(Doc. # 1079.)

## STANDARD OF REVIEW

Parties may file objections to, or motions to adopt or modify, a

Special Masters's order, report, or recommendation.  Fed. R. Civ. P. 53(f).

Pursuant to Local Rule 53.2, such objections or motions must be filed no later than

21 days after a copy is served.  Unless the parties agree to stipulate otherwise, the

district court reviews all objections to the Special Master's reports, including

objections to findings of fact and conclusions of law, de novo.  Fed. R. Civ. P.

53(f).

## DISCUSSION

Plaintiffs' Objections and Duty's Response raise two issues: (1)

whether Duty is a prevailing party pursuant to 42 U.S.C. § 1988 such that she is

entitled to costs; and (2) assuming Duty is entitled to costs, the amount of

allowable costs incurred.  The Court addresses each argument in turn.

I.      Entitlement to Costs

Preliminarily, Plaintiffs object to Magistrate Judge Chang's sua

sponte order directing Duty to file supplemental documentation in support of her

Bill of Costs.  (Doc. # 1070.)  However, as the Report indicates, Magistrate Judge

Chang also used his discretion to afford Plaintiffs with an opportunity to be heard and reviewed Plaintiffs' untimely objection to the Bill of Costs in issuing the Report.  (See Report at 3-4.)

Plaintiffs also argue, without citation, that the State of Hawaii, not Duty, has incurred costs in this action and therefore an award of costs would not be justified.  (See Objections at 14.)  However, this Court finds that "it is unnecessary to inquire into the source of the funds used for the initial payment of costs in order to award taxable costs to the winning party."  See Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 638 (11th Cir. 1991) (finding that preventing a city from regaining its costs initially paid by an insurer "would not only violate the presumption that a prevailing party is entitled to its costs under rule 54(d), but would also allow plaintiffs to bring lawsuits against insured defendants without incurring litigation costs after losing on the merits.") (quotation omitted). Therefore, for Rule 54(d) purposes, this Court may award costs to a prevailing party even if such costs were initially paid by a third party on the prevailing party's behalf.

Duty requested costs in the amount of $26,349.22 pursuant to Federal Rule of Civil Procedure 54(d)(1).  (See Supp. Decl. ¶¶ 6-7.)  Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the

prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui

Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).   Under Federal Rule

of Civil Procedure 54(d), there is a presumption that the prevailing party will be

awarded its taxable costs.  Save Our Valley v. Sound Transit, 335 F.3d 932, 944

(9th Cir. 2003); Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall

be allowed as of course to the prevailing party unless the court otherwise directs.").

To overcome this presumption, a losing party must establish a reason to deny costs.

Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir.1999).

        Plaintiffs argue that a taxation of costs is premature because the

Court's Judgment against Duty and Defendant Donald Cupp ("Cupp") did not

resolve all claims against all parties in the proceeding.  (Objections at 3.)  Plaintiffs

cite Federal Rules of Civil Procedure 54 and 58 and 28 U.S.C. § 1291 in support of

their argument.  Specifically, Plaintiffs point to Rule 54(b) (Judgment on Multiple

Claims or Involving Multiple Parties), which states:

> When an action presents more than one claim for relief--whether as a
> claim, counterclaim, crossclaim, or third-party claim--or when
> multiple parties are involved, the court may direct entry of a final
> judgment as to one or more, but fewer than all, claims or parties only
> if the court expressly determines that there is no just reason for delay.
> Otherwise, any order or other decision, however designated, that
> adjudicates fewer than all the claims or the rights and liabilities of
> fewer than all the parties does not end the action as to any of the

7

> claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  However, regardless of whether there is a final judgment in this case, a final judgment on the merits is not a condition precedent to obtaining the status of a "prevailing party."  <u>Hanrahan v. Hampton</u>, 446 U.S. 754, 756-57 (1980) (<u>per</u> <u>curiam</u>).  However, as the Supreme Court stated in <u>Hanrahan</u> pursuant to a discussion regarding counsel fees, it "seems clearly to have been the intent of Congress to permit . . . an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal."  <u>Id.</u> at 757 (describing two illustrative cases where "the party to whom fees were awarded had established the liability of the opposing party, although final remedial orders had not been entered.") (citation omitted).

Generally, under section 1988, "[a] party is a 'prevailing party' when '(1) it wins on the merits of its claim, (2) the relief received materially alters the legal relationship between the parties by modifying the defendant's behavior, and (3) that relief directly benefits the plaintiff.'"  <u>UFO Chuting of Haw. v. Smith</u>, 508 F.3d 1189, 1197 (9th Cir. 2007) (quoting <u>Martinez v. Wilson</u>, 32 F.3d 1415, 1421-22 (9th Cir. 1994)); <u>see</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) ("A typical formulation is that plaintiffs may be considered 'prevailing parties' for

8

attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." (citation and quotation signals omitted)); Farrar v. Hobby, 506 U.S. 103, 111-12 (1992) (in § 1983 cases, a plaintiff is considered to have prevailed if the legal relationship between the parties has been materially altered and if he or she has obtained at least some relief on the merits of the claims).

Here, this Court has dismissed all claims against Duty and judgment has been entered in her favor as specifically directed by the Ninth Circuit.  (See Docs. # 1051, 1058, 1066-67.)  Although final judgment has not been issued by this Court, Duty has established that she is not liable to Plaintiffs.  Therefore, as per the facts of the instant case and Hanrahan, Duty is a "prevailing party" for the purpose of awarding costs under Rule 54(d)(1).

The Ninth Circuit has held that in determining whether to award costs to a prevailing party, district courts may consider the financial resources of the losing party, misconduct on the part of the prevailing party, the importance and complexity of the issues, the merit of the plaintiff's case (even if the plaintiff loses), and the chilling effect on future civil rights litigants of imposing high costs. Save Our Valley, 335 F.3d at 945.  However, "although a district court must 'specify reasons' for its refusal to tax costs to the losing party . . . [the Ninth

Circuit has] never held that a district court must specify reasons for its decision to abide the presumption and tax costs to the losing party." Id. (internal citations omitted).  This distinction is made because of the Rule 54(d) presumption for awarding costs to prevailing parties.  Id.; see Stanley, 178 F.3d at 1079.

        In considering the factors set forth in Save Our Valley, the Court finds that Plaintiffs' arguments for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award.   First, Plaintiffs have not argued in their original objections (Doc. # 1069) that they would be rendered indigent by the costs requested.  Further, even if the Court was to consider Plaintiffs' untimely arguments raised in their instant Objections before this Court, Plaintiffs fail to provide any evidence supporting such assertions.  (See Objections at 6-8.)  Second, the Court is unaware of any misconduct on the part of Duty, and Plaintiffs' unsupported argument that they "questioned Duty's and her counsel's conduct" is insufficient to raise such an issue.  (See id. at 8.)  Third, it is apparent that Plaintiffs' claims against Duty lacked merit and did not involve important or complex issues as evidenced by the rulings obtained by Duty and the Ninth Circuit's November disposition.  (See Doc. # 1051; see also Doc. # 1058.)   Fourth, the Court does not believe that the imposition of costs will have a chilling effect on future litigants as the costs accumulated in the instant case after years of

unsuccessful litigation are not unreasonably high.[1]  As stated above, the burden is

on Plaintiffs to rebut the presumption of an award of costs.  Here, Plaintiffs have

failed to do so, and this Court must abide the presumption and tax costs to the

losing party.  For all the reasons above, the Court finds under a de novo review that

Duty is a prevailing party and is entitled to costs in the instant action.

II.    Calculation of Taxable Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs--other

than attorney's fees--should be allowed to the prevailing party."  Rule 54(d)(1)

carries with it the presumption that a prevailing party will be awarded its costs, and

the losing party has the burden to "establish a reason to deny costs."  Dawson v.

City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006); see also Stanley, 178 F.3d at

1079.  While courts have discretion to award costs pursuant to Rule 54(d), courts

may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui, 78 F. Supp. 2d at

1126 (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177

(9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S.

437, 441-42 (1987)).

Section 1920 enumerates the following costs:

---

[1] Plaintiffs argue that the Court should factor in other costs that may be awarded to other defendants in the instant case.  (Objections at 9-10.)  Such possible awards are outside the purview of the instant motion.

(1)     Fees of the clerk and marshal;
(2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)     Docket fees under section 1923 of the title;
(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126.  The Court addresses each of the costs requested by Duty in turn.

> A.     Deposition Transcript/Video Costs

Duty requests taxation of a number of deposition transcript costs totaling $22,025.66.  (See BOC.)  Deputy Attorney General John Molay ("Molay") represents that all of the deposition transcripts were ordered to prepare motions and prepare for trial.  (See id., John F. Molay Declaration in Support "Molay Decl." ¶¶ 3-4.)  Plaintiffs contest the taxation of costs for non-party deposition transcripts and for expert witness Michael Lyman.  (Objections at 11.)  In support, Plaintiffs argue without specificity that the depositions were taken merely for the purposes of discovery and could not be reasonably expected to be used as evidence at trial.  (Id.)  With respect to expert witness Lyman, Plaintiffs argue, again without explanation, that his deposition pertains to police work and has no relevance to Plaintiffs' alleged claims against Duty.  (Id.)

12

Section 1920(2) authorizes recovery of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Moreover, Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable.  A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).  Therefore, in order to be admissible, Duty need only establish that she reasonably expected that the deposition was necessary for use in trial preparation.  Because both parties should be aware of the reasons to take a deposition, pursuant to Rule 54(d)'s presumption of an award of costs, the non-prevailing party should carry the burden to explain why the court should not grant deposition costs.  See Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1571 (N.D. Ga. 1992) (citation omitted).

Plaintiffs' argument that such depositions "could not be reasonably expected to be used as evidence in trial at the time of the depositions[]" does not "establish a reason to deny costs[,]" especially in light of the Molay Declaration that states such materials pertained to "percipient witnesses whose testimony was deemed to be significant in the defense of this action[]" and describes the claim to which each is relevant.  (See BOC, Molay Decl. ¶ 5.); Dawson, 435 F.3d at 1070;

13

see also Stanley, 178 F.3d at 1079.  Further, contrary to Plaintiffs' argument and as provided by Local Rule 54.2(f)(2), the depositions need not have been expected to be introduced in evidence or used at trial, so long as, at the time the depositions were taken it could reasonably be expected that the deposition was necessary for use in the case and would be used for trial preparation.

Molay specifically states that "the deposition transcripts were ordered to use to prepare motions and to prepare for trial."  (See BOC, Molay Decl. ¶ 5.)  As for the Lyman deposition, Molay asserts that Lyman was a defense expert witness whose deposition was used to prepare motions in limine.  (See id. ¶ 6.)  Accordingly, the Court taxes deposition transcript costs pursuant to § 1920(2) and Local Rule 54.2(f) in the amount of $22,025.66.

Duty additionally seeks $209.42 for DVD copies of Plaintiffs Vanessa and Benjamin Haldeman's depositions.  (See BOC at 3.)  Plaintiffs challenge this request on the grounds that it is duplicative of the stenographic version of the transcript.  (Objections at 13.)  The Court finds that Local Rule 54.2(f)(2) authorizes "[t]he cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case" and that Vanessa and Benjamin Haldeman's depositions were necessarily obtained for use in the case. Accordingly, the Court taxes additional costs pursuant to § 1920(2) and Local Rule

14

54.2(f)(2) in the amount of $209.42.[2]

B.    Court Reporter Transcript Costs

Duty requests $167.54 for court transcripts of her motions for summary judgment.  (BOC at 2, 4.)  Plaintiffs argue that these costs are not taxable under Local Rule 54.2(f).  (Objections at 11.)  Section 1920(2) explicitly provides for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  This statute authorizes the taxation of the transcript costs for Duty's motions for summary judgment if such transcripts were necessarily obtained for use in this case.  Here, the Court cannot say that such transcripts were necessary as Duty supports her request with the statement that such transcripts were merely "obtained to review." (See id., Molay Decl. ¶ 9.); see United States v. Metropolitan Disposal Corp., 622 F. Supp. 1262, 1267 (D.C. Or. 1985.)  As such, the Court will not tax $167.54 for court transcript costs.

C.    Copying Costs

Duty requests $1,434.34 in copying costs for various records obtained

---

[2] Duty also requested, and the Report denied, transcript costs in the amount of $2,512.26 from Plaintiff Joseph Haldeman's state court criminal trial, which were reviewed in the instant case in preparation for trial and pretrial proceedings. (See Report at 11.)  This finding and recommendation has not been objected to, and therefore this Court does not discuss it.

for use in the case.  (See BOC at 2-4.)  In particular, she requests $735.54 for medical records; $151.38 for copying of records provided by Plaintiffs; $144.82 for school records; and $402.60 for County of Hawai`i records.  (Id.)  Plaintiffs object that Duty failed to show that these costs were necessarily obtained by her for use in the case.  (Objections at 14.)

To warrant recovery of costs, a party must demonstrate that photocopies were necessarily obtained for a reimbursable use in the case. 28 U.S.C. § 1920(4).  Local Rule 54.2(f)4 further specifies that:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4).  After reviewing the Bill of Costs and declarations in support, the Court finds that the requested costs are not recoverable because Duty has failed to make a sufficient showing that such costs were "necessary."

In support of the copying costs for medical records from Overlake Medical Center Records, John Dunne, MD, and Mingus Center, Duty simply states that such records were obtained "to assist in the defense of this matter and go to the

16

issue of damages."  (BOC, Molay Decl. ¶ 7.)  With respect to the County of Hawaii records and the records produced by Plaintiffs, Duty provides no explanation at all for why such records were necessary.[3]  (Id. ¶ 8.)  When the prevailing party exclusively knows the reason for the cost, the prevailing party should show why the cost was reasonably necessary under section 1920.  See Helms, 808 F. Supp. at 1570 ("The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case.")  The Court DENIES WITHOUT PREJUDICE Duty's request for copying costs.  Duty may re-file a request for these costs detailing why such costs were necessarily obtained for a reimbursable use in the case.

## CONCLUSION

Accordingly, the Court **AFFIRMS IN PART AND REVERSES IN PART** the Report of the Special Master Regarding Plaintiffs' Objections to Defendant Karen Duty's Bill of Costs.  The Report is reversed as to the

---

[3] As the Report notes, Exhibit 31 indicates that Defendant incurred $58.33for service of subpoenas for the record depositions of Issaquah Middle School and Big park Community School and the oral depositions of Heather Tatum and John F. Pastor, M.D.  It therefore appears that these costs were not incurred to obtain records, but rather, to serve subpoenas and they should be requested on the Bill of Costs as such.

recommendation that this Court tax $167.54 for court transcripts of Duty's motions for summary judgment.  The Report is also reversed as to the recommendation that this Court tax $1,434.34 for copying costs.  The Court **DENIES WITHOUT PREJUDICE** Duty's request for copying costs.  Duty may re-file a request for the copying costs outlined in the instant Bill of Costs but must state why such costs were necessarily obtained for a reimbursable use in the case.  The Court taxes costs in the amount of $22,235.08 against Plaintiffs.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 28, 2010.



_____
David Alan Ezra
United States District Judge

Haldeman, et al. v. Golden, et al., Civ. No. 05-00810; ORDER AFFIRMING IN PART AND REVERSING IN PART THE REPORT OF SPECIAL MASTER REGARDING PLAINTIFFS' OBJECTIONS TO DEFENDANT KAREN DUTY'S BILL OF COSTS