IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VANESSA HALDEMAN & BENJAMIN HALDEMAN, BY THEIR PARENTS AS NEXT FRIENDS; JOSEPH & DENISE HALDEMAN; JOSEPH HALDEMAN, individually; DENISE HALDEMAN, individually; JERRY HALDEMAN, individually; and CAROL HALDEMAN, individually, | ) ) ) ) ) ) ) ) ) ) ) | CV NO 05-00810 DAE-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| RUTH GOLDEN, in her individual capacity; PATRICIA NAVARRO, in her individual capacity; CAROLINE HAYASHI, in her individual capacity; CYNTHIA NOEL, in her individual capacity; UNIVERSITY OF NATIONS PRE-SCHOOL, a Private Agency; THE UNIVERSITY OF NATIONS as Respondeat Superior; ALEXANDER GRAVES, in his individual capacity; COUNTY OF HAWAII, a municipal entity; KAREN DUTY, in her individual capacity; DONALD CUPP, in his individual capacity; JILL ACERO, in her individual capacity; BOBBETTE STRAUSS, in her individual capacity; CHILD PROTECTIVE SERVICES, an agency of the | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Department of Human Services;                )
DEPARTMENT OF HUMAN                          )
SERVICES [DHS], State of Hawaii;             )
LILLIAN KOLLER, DIRECTOR                     )
OF DHS, in her official capacity;            )
ANDREA MCCOLLUM, in her                      )
individual and professional capacity;        )
LEGAL AID SOCIETY OF                         )
HAWAII, a Private Non-Profit                 )
Agency; DAVID KAULIA, in his                 )
individual capacity; COLLEEN                 )
CLARK, in her individual and                 )
professional capacity; CHILD AND             )
FAMILY SERVICE, a Private Non-               )
Profit Agency; JOINTLY AND                   )
SEVERALLY,                                   )
                                             )
           Defendants.                       )
_____             )


## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KAREN DUTY'S MOTION TO REGISTER JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Plaintiffs' Objection to and Appeal from Order Granting in Part and Denying in Part Defendant Karen Duty's Motion to Register Judgment and the supporting and opposing memoranda, the Court

2

**AFFIRMS** the Magistrate Judge's Order.  (Doc. # 1093.)  Plaintiffs' Objection and

Appeal is **DENIED**.  (Doc. # 1094.)

<u>BACKGROUND</u>

The parties are familiar with the underlying facts of this case so the

Court recounts only those necessary to its instant determination.

On February 27, 2008 and April 15, 2008, this Court granted in part

and denied in part Karen Duty's motion for summary judgment, (Doc. # 817), and

Donald Cupp's motion for summary judgment, (Doc. # 899), respectively.  The

Court found that Duty and Cupp (collectively, "Defendants") were entitled to

immunity on the state law tort claims for only some of their conduct, were entitled

to qualified immunity on the federal claims as to only some of their conduct, and

that they were not entitled to summary judgment on the conspiracy allegations.

The Ninth Circuit reversed this Court's denial of qualified or absolute

immunity as to the relevant claims in Count 1 and held Defendants were entitled to

summary judgment.  (Doc. ## 1051, 1058.)   The Ninth Circuit also held that

Defendants were entitled to summary judgment on Count 2.  Further, the Ninth

Circuit held that this Court incorrectly denied state law immunity to Defendants on

all other applicable counts.  The Ninth Circuit concluded by stating that the

"district court is directed to dismiss all claims against Duty and Cupp."  (Doc. #

1051 at 6.)

On February 23, 2010, the Court granted Duty's motion for issuance

of judgment in conformance with the mandate of the Ninth Circuit, and the Court

dismissed all claims against Defendants.  (Doc. # 1066.)  In the February 23, 2010

Order, the Court concluded that the Ninth Circuit had determined that Defendants

were entitled to immunity and summary judgment on all claims against them, and

that there were no viable remaining counts against these Defendants.  (Id. at 4.)  On

the same day, a clerk's judgment was entered in favor of Defendants.  (Doc. #

1067.)

On March 25, 2010, Plaintiffs appealed this Court's February 23,

2010 Order and entry of judgment.  (Doc. # 1072.)  On June 15, 2010, the Ninth

Circuit held that it lacked jurisdiction over Plaintiffs' appeal because the judgment

did not dispose of the action as to all claims and all parties.  (Doc. ## 1082, 1090.)

On May 28, 2010, the Court issued an Order Affirming in Part and

Reversing in Part the Report of Special Master Regarding Plaintiffs' Objections to

Defendant Karen Duty's Bill of Costs.  (Doc. # 1080.)  The Court ordered, inter

alia, that Plaintiffs be taxed costs in the amount of $22,235.08.  (Id. at 18.)  The

Court concluded that, regardless of whether there is a final judgment, a party may

still be a "prevailing party" for purposes of attorneys' fees and costs, and that Duty

is a prevailing party under 42 U.S.C. § 1988 and is entitled to costs.  (Id. at 8-11.)

On June 24, 2010, Duty filed a Motion to Register Judgment in

Arizona and Washington State.  (Doc. # 1084.)  On July 3, 2010, Plaintiffs filed an

Opposition to Duty's motion.  (Doc. # 1087.)  On July 5, 2010, Duty filed a Reply.

(Doc. # 1088.)

On July 27, 2010, Magistrate Judge Chang issued an Order Granting

in Part and Denying in Part Defendant Karen Duty's Motion to Register Judgment

in Arizona and Washington State (the "Magistrate Judge's Order").  (Doc. # 1093.)

Magistrate Judge Chang denied Duty's motion to register judgment in Arizona but

granted Duty's motion to register judgment in Washington State, pursuant to 28

U.S.C. § 1963.  Duty had shown good cause to register the judgment in

Washington State by establishing that Plaintiffs lacked assets in this district but

had substantial assets in Washington State.  (Mag. J. Order at 12.)  Duty had

presented insufficient evidence to demonstrate substantial assets in Arizona.  (Id. at

13.)

On July 31, 2010, Plaintiffs filed the instant Appeal of the Magistrate Judge's Order.  (Doc. # 1094.)  On August 13, 2010, Duty filed a Response.  (Doc. # 1098.)

<u>STANDARD OF REVIEW</u>

A party may appeal any pretrial, nondispositive matter determined by a magistrate judge.  Fed. R. Civ. P. 72(a); LR 74.1.  A district court "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  LR 74.1.

"A finding of fact is clearly erroneous if [the court has] a definite and firm conviction that a mistake has been committed."  <u>Burdick v. Comm'r Internal Revenue Serv.</u>, 979 F.2d 1369, 1370 (9th Cir. 1992).  The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed."  <u>United States v. Silverman</u>, 861 F.2d 571, 576-66 (9th Cir. 1988).  The threshold of the "clearly erroneous" test is high.  <u>See</u> <u>Boskoff v. Yano</u>, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). "The reviewing court may not simply substitute its judgment for that of the deciding court."  <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991).

6

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." <u>Na Pali Haweo Cmty. Ass'n v. Grande</u>, 252 F.R.D. 672, 674 (D. Haw. 2008); <u>see</u> <u>Hunt v. Nat'l Broadcasting Co.</u>, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

<u>DISCUSSION</u>

Plaintiffs appeal the Magistrate Judge's Order on the basis that it is "contrary to the law because the statute permitting registration of judgments for enforcement in other districts, 28 U.S.C. § 1963, does not permit registration of interlocutory orders" such as the order awarding costs to Duty as a prevailing party. (Appeal at 3.) It is Plaintiffs' position that § 1963 "does not apply" because "no enforceable judgment has been entered in the case." (<u>Id.</u>) Plaintiffs do not assert that the Magistrate Judge made any erroneous findings of fact.

Plaintiffs further cite to the Ninth Circuit order dismissing the appeal for lack of jurisdiction, which determined that not all claims against all parties have been disposed of in this action. (Appeal at 7.) Plaintiffs believe that, because the Ninth Circuit determined that the action was not appealable at this

juncture, this Court cannot register judgment in the Western District of Washington.  For reasons set forth below, the Court disagrees.

At the outset, the Court notes that Duty's status as a "prevailing party" is not before the Court at this time.  The Court has deemed Duty to be a "prevailing party" for purposes of fees and costs, and Plaintiffs did not file a motion for reconsideration of that order.  (See May 28, 2010 Order.)  Moreover, whether Duty is in fact a "prevailing party" was not before the Magistrate Judge and is not at issue in the instant appeal.  At issue is whether the award of costs to Duty can be registered for enforcement in the Western District of Washington.  Accordingly, Plaintiffs' arguments as to the validity of this Court's prevailing party ruling will not be entertained in this appeal.  (See Appeal at 12.)

I.      Registration of Judgments Pursuant to 28 U.S.C. § 1963

Registration of judgments for enforcement in another district court is governed by 28 U.S.C. § 1963, which provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so

registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (emphasis added).

Judgment need not be final in order for a court to register a judgment with another federal court.  For instance, in Fidelity Nat. Financial Inc. v. Friedman, 602 F.3d 1121 (9th Cir. 2010), the Ninth Circuit upheld the Central District of California's order to register a judgment in another federal court pursuant to 28 U.S.C. § 1963 even though the appeal was pending and judgment was not yet final.  Id. at 1122.  It is clear that in circumstances where judgment is not final, a court may nevertheless register a judgment upon a showing of "good cause."  See 28 U.S.C. § 1963; Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001); Chicago Downs Ass'n v. Chase, 944 F.2d 366, 372 (7th Cir. 1991).

"Although there is no Ninth Circuit law defining good cause, the courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum."  Columbia Pictures, 259 F.3d at 1197-98 (emphasis added) (internal quotation and citations omitted).  A party seeking to

9

register judgment in another district need not produce details of the opposing party's finances; rather, the party must merely make a showing of good cause.  See id. at 1198.

This Court's review of case law leads it to conclude that there is no Ninth Circuit case squarely addressing the timeliness of a § 1963 motion.  The cases relied upon by Plaintiffs are inapposite and do not demonstrate that the Magistrate Judge's Order is contrary to law.  Neither International Controls Corp. v. Vesco, 535 F.2d 742 (2nd Cir. 1976), nor Redding & Co. v. Russine Construction Corp., 417 F.2d 721 (D.C. Cir. 1969), or Gerardi v. Pelullo, 16 F.3d 1363 (3rd Cir. 1994), evaluates 28 U.S.C. § 1963 at all.  The cases pertain only generally to final judgments.  Although Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union, 128 F. Supp. 697 (D. Haw. 1955), is a § 1963 case, the legal issue in that case is distinguishable.  In Juneau Spruce, judgment was entered in the District of Alaska, and the judgment was subsequently registered in the District of Hawaii.  Id. at 699.  The legal issue was whether the lapse of time from the date of judgment to the registration of judgment rendered the case "dormant" and incapable of being registered.  Id. at 701.  "Dormancy" is not at issue here.  Plaintiffs' reliance on Blaine Larsen Processing,

10

Inc. v. Hapco Farms, Inc., 2000 WL 35539979 (D. Idaho Aug. 9, 2000), is also

unavailing for several reasons.  First, not only is Blaine Larsen an out of district

case, it is an unpublished case with no precedential value.  Second, the court's

holding in Blaine Larsen appears contrary to Plaintiffs' own position.  The District

of Idaho emphasized that the filing of a supersedeas bond may prevent a party from

registering the judgment elsewhere.  Id. at *14.  The court also observed that

if no supersedeas bond is filed, then a court can allow registration in a different

district.  Id.  Plaintiffs in this case have not posted a supersedeas bond.  Likewise,

in Sibia Neurosciences, Inc. v. Cadus Pharmaceutical Corp., 1999 WL 33554683

(S.D. Cal. Mar. 10, 1999), another unpublished case, the Southern District of

California noted that good cause does not exist "where a bond is posted and the

risk of non-collection in the rendering district is thereby eliminated."  Id. at *6

(emphasis added).

          With respect to Plaintiffs' contention that judgment must have been

rendered as to the entire case before § 1963 may be used to register a judgment

entered in favor of one party, the Court's review of case law has uncovered no

Ninth Circuit cases which stands for that proposition.  The language of § 1963

references "the judgment" that can be registered upon the Court's finding of good

11

cause.  In this case, judgment has been entered in favor of Duty, and Duty has been deemed a prevailing party for purposes of fees and costs.  It is implausible that the Court would be empowered to award Duty prevailing party status but not be empowered to register judgment in a district wherein Duty might recover the money owed her.  This Court believes that allowing Duty to recover money owed is in line with those cases that allow § 1963 to be applied even when an action is "not final."  See Fidelity Nat. Financial Inc., 602 F.3d at 1122.

The Court concludes, as did Magistrate Judge Chang, that Plaintiffs' objections to the legal authority for registering judgment are without merit.  The Court next evaluates whether Duty has indeed demonstrated good cause to register judgment in the Western District of Washington.[1]

II.    Demonstration of Good Cause

In their Appeal, Plaintiffs do not dispute the factual findings in the Magistrate Judge's Order and do not appeal the finding that Plaintiffs have substantial assets in Washington State.  The Court reviews the Magistrate Judge's finding for clear error, which requires a definite and firm conviction that a mistake

---

[1] The Court does not evaluate Magistrate Judge Chang's denial of Duty's request to also register judgment in Arizona, because Duty has not appealed that denial.

12

has been committed.  <u>Burdick v. Comm'r Internal Revenue Serv.</u>, 979 F.2d 1369, 1370 (9th Cir. 1992).

The Court finds no clear error in the Magistrate Judge's finding that there is good cause to register judgment in the Western District of Washington.  In her Motion to Register Judgment, Duty demonstrated that Jerry and Carol Haldeman own a condominium in Issaquah, Washington, with an assessed value of $364,000.  (Mot. Reg. Judg. Ex. D.)  Joseph and Denise Haldeman had transferred their property to Jerry and Carol Haldeman, and no party currently owns property in the State of Hawaii.  (Mot. Reg. Judg. at 9.)  None of the Plaintiffs have filed a supersedeas bond.  Plaintiffs have never disputed the facts as presented by Duty, and instead argue that the motion was "procedurally defective" for the reasons already set forth and disposed of by this Court.  (<u>See</u> Pl. Opp'n to Mot. Reg. Judg.)

Accordingly, the Court finds that Duty has satisfied the good cause standard for registering a judgment in the Western District of Washington by establishing an absence of assets in the District of Hawaii and the presence of substantial assets in the Western District of Washington.  Plaintiffs' Objection and Appeal is DENIED, and the Magistrate Judge's Order is AFFIRMED.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the Magistrate

Judge's Order and DENIES Plaintiffs' Objection to and Appeal from the

Magistrate Judge's Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 30, 2010.

_____
David Alan Ezra
United States District Judge

Vanessa Haldeman, et al. vs. Ruth Golden, et al., Civil No. 05-00810 DAE-KSC;
ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN
PART AND DENYING IN PART DEFENDANT KAREN DUTY'S MOTION
TO REGISTER JUDGMENT