IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| VANESSA HALDEMAN and BENJAMIN HALDEMAN, BY THEIR PARENTS AS NEXT FRIENDS; JOSEPH & DENISE HALDEMAN; JOSEPH HALDEMAN, individually; DENISE HALDEMAN, individually; JERRY HALDEMAN, individually; and CAROL HALDEMAN, individually,<br><br>        Plaintiffs,<br><br>vs.<br><br>RUTH GOLDEN, in her individual capacity; PATRICIA NAVARRO, in her individual capacity; CAROLINE HAYASHI, in her individual capacity; CYNTHIA NOEL, in her individual capacity; UNIVERSITY OF NATIONS PRE-SCHOOL, a Private Agency; THE UNIVERSITY OF NATIONS as Respondeat Superior; ALEXANDER GRAVES, in his individual capacity; COUNTY OF HAWAII, a municipal entity; KAREN DUTY, in her individual capacity; DONALD CUPP, in his individual capacity; JILL ACERO, in her individual capacity; BOBBETTE | CIVIL NO. 05-00810 DAE-KSC |

| | |
|---|---|
| STRAUSS, in her individual capacity; CHILD PROTECTIVE SERVICES, an agency of the Department of Human Services; DEPARTMENT OF HUMAN SERVICES [DHS], State of Hawaii; LILLIAN KOLLER, DIRECTOR OF DHS, in her official capacity; ANDREA MCCOLLUM, in her individual and professional capacity; LEGAL AID SOCIETY OF HAWAII, a Private Non-Profit Agency; DAVID KAULIA, in his individual capacity; COLLEEN CLARK, in her individual and professional capacity; CHILD AND FAMILY SERVICE, a Private Non-Profit Agency; JOINTLY AND SEVERALLY,<br><br>　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER DENYING DEFENDANT KAREN DUTY'S
MOTION FOR ENTRY OF SEPARATE JUDGMENT

　　　　Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Karen Duty's motion and the supporting and opposing memoranda, the Court DENIES Defendant Karen Duty's motion for entry of separate judgment. (Doc. # 1096.)

2

## BACKGROUND

As the parties and the Court are very familiar with the extensive history of this case, the Court will limit the background to those facts relevant to determination of the instant Motion.

On December 12, 2006, this Court dismissed the § 1983 claims of Joseph, Denise, Jerry, and Carol Haldeman (collectively the "Adult Plaintiffs"), against Defendants Karen Duty ("Duty") and Donald Cupp ("Cupp") (collectively, "Defendants"), finding that the decision to take custody of the Haldeman Children occurred outside of the two-year statute of limitations and that the Adult Plaintiffs' continuing violation theory was inapplicable to the case ("2006 SOL Order"). (Doc. # 289.)  On February 13, 2007, this Court dismissed the Adult Plaintiffs' state law tort claims against Duty and Cupp on the same grounds set forth in the 2006 SOL Order ("2007 SOL Order").  (Doc. # 370.)

On February 27, 2008, this Court filed an Order Granting in Part and Denying in Part Defendant Karen Duty's Motion for Summary Judgment. (Doc. # 817).  Similarly, on April 15, 2008, this Court filed Order Granting in Part and Denying in Part Cupp's Motion for Summary Judgment, (Doc. # 899), respectively.  The Court found that Duty and Cupp were entitled to immunity on state law tort claims for only some of their conduct, that they were entitled to

qualified immunity on the federal claims as to only some of their conduct, and that they were not entitled to summary judgment on the conspiracy claim. (Doc. # 817 at 45-46; Doc. # 899 at 37-38.) On March 24, 2008, Duty filed a notice of appeal of this Court's February 27, 2008 order. (Doc. # 843.) On April 4, 2008, Plaintiffs filed a notice of appeal of the same order. (Doc. # 885.) On May 15, 2008, Cupp filed a notice of appeal as to this Court's April 15, 2008 order. (Doc. # 967.) On May 29, 2008, Plaintiffs filed a notice of appeal as to the same order. (Doc. # 996.)

On March 29, 2008, Duty filed a motion requesting entry of separate, final judgment pursuant to Federal Rule of Civil Procedure 54(b) in her favor regarding the 2006 SOL Order and the 2007 SOL Order. (Doc. # 864.) This Court denied Duty's motion, stating that because this Court dismissed Adult Plaintiffs' claims based upon statute of limitations grounds against several other defendants, there is a similarity of legal issues regarding other defendants in the case. (Doc. # 929 at 5.) The Court stated that "Duty has not proven that the 2006 SOL Order and the 2007 SOL Order were such that no appellate court would have to decide the same statute of limitations issue more than once." (Id.)

On November 23, 2009, the Ninth Circuit reversed this Court's denial of qualified or absolute immunity to Duty and Cupp as to the claims in Count 1 and

held that Duty and Cupp were entitled to summary judgment on that Count ("Memorandum Opinion").  ("Mem. Op.," Doc. # 1051.)  The Ninth Circuit additionally held that Duty and Cupp were entitled to summary judgment on Count 2 and that this Court incorrectly denied state law immunity to them on all other applicable counts.  (Id. at 5-6.)  The Ninth Circuit directed this Court to dismiss all claims against Duty and Cupp.  (Id. at 6.)

On February 23, 2010, this Court granted Duty's motion for issuance of judgment in conformance with the mandate of the Ninth Circuit and dismissed all claims against Duty and Cupp.  (Doc. # 1066.)  Judgment was entered in favor of Duty and Cupp the same day ("February 23, 2010 Judgment").  (Doc. # 1067.)

On March 25, 2010, Plaintiffs appealed the February 23, 2010 Order and entry of judgment.  (Doc. # 1072.)  On June 15, 2010, the Ninth Circuit held that it lacked jurisdiction over Plaintiffs' appeal because the judgment challenged did not dispose of the action as to all claims and all parties.  (Doc. # 1082.)  In support, the Ninth Circuit cited 28 U.S.C. §§ 1291, 1292, Federal Rule Civil Procedure 54(b), and Chacon v. Babcock, 640 F.2d 221 (9th Cir. 1981).

On August 30, 2010, this Court affirmed Magistrate Judge Chang's Order denying Duty's motion to register judgment in Arizona and granting Duty's motion to register judgment in Washington State under 28 U.S.C. § 1963.  (Doc.

# 1100.) This Court stated that in cases "where judgment is not final, a court may nevertheless register a judgment upon a showing of 'good cause'" and that Duty satisfied the good cause standard for registering a judgment in Washington. (Id. at 9, 13.)

On August 5, 2010, Duty filed the instant motion for entry of separate judgment pursuant to Federal Rule of Civil Procedure ("Rule") 54(b). ("Mot.," Doc. # 1096.) Duty requests that this Court certify its February 23, 2010 Judgment pursuant to Rule 54(b) and enter a final judgment that sets forth that the February 23, 2010 Judgment subsumes this Court's December 12, 2006 and February 13, 2007 Orders, which dismissed all of the Adult Plaintiffs' claims against her. (Id. at 10.) On August 19, 2010, Plaintiffs filed an opposition to this motion. ("Opp'n," Doc. # 1099.)

## DISCUSSION

The instant Motion seeks an entry of separate final judgment as to Duty with regard to all claims brought by the Plaintiffs against her. Duty argues that there is no just reason to delay final judgment of this Court's 2006 and 2007 SOL Orders and this Court's February 23, 2010 Judgment because all claims against her were disposed of by the Ninth Circuit's Memorandum Opinion and this Court's February 23, 2010 Judgment. (Mot. at 8-9.) Essentially, Duty argues that

"once Rule 54(b) certification is issued, and Plaintiffs file their 'appeal,' the 'appeal' will be dismissed as having already been decided." (Mot. at 7, 9-10.) Duty also asserts that the claims against her are "sufficiently distinct from the unadjudicated claims against the remaining Defendants," therefore avoiding duplicative appellate review. (Mot. at 9.) This Court disagrees.

Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.

Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

In making determinations under Rule 54(b), a district court must first determine that it has rendered a "final judgment." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).

7

> It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

Second, the district court must determine whether there is any just reason for delay. Id. at 8. The Supreme Court has stated that it is proper for a district court to consider such factors as whether the claims thought to be finally adjudicated were

> separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals.

Id. The presence of one of these factors does not necessarily preclude a Rule 54(b) certification, but it would require the district court to find a "sufficiently important reason for nonetheless granting certification." Id. at 8 n.2. A similarity of legal or factual issues will "weigh heavily" against Rule 54(b) certification, and in such cases, certification would be proper "only where necessary to avoid a harsh and unjust result, documented by further specific findings." Morrison-Knudsen Co., Inc., 655 F.2d at 965.

This Court found in favor of Duty on all counts when it dismissed all of the Adult Plaintiffs' claims on statute of limitations grounds and subsequently

dismissed minor Plaintiffs' claims against her based on the Ninth Circuit's Memorandum Opinion. As to whether there is any just reason for delay, however, this Court cannot say that the nature of the claims against Duty are such that no appellate court would have to decide the same issues more than once.

Plaintiffs argue in part that this Court's 2006 and 2007 dismissals of the Adult Plaintiffs' claims have not been reviewed by the Ninth Circuit and are therefore subject to appellate review. (Opp'n. at 8-9.) This Court agrees. The Ninth Circuit's November 23, 2009 Memorandum Opinion does not apply to all of Adult Plaintiffs' claims, which this Court dismissed on statute of limitations grounds. First, although the Ninth Circuit's November 23, 2009 order directed this Court to dismiss "all claims against Duty and Cupp," the order did not expressly address all of Adult Plaintiffs' claims against them. The Ninth Circuit's order stated that "[t]he claims contained in counts 1, 2, 4, 5, 7, 8, and 10[1] of the Haldeman children's second amended complaint[2] as alleged against Duty and Cupp are properly before the court on appeal. <u>We do not decide any other issues as to</u>

---

[1] Count 3 pertains to Defendants Child Protective Services and Department of Human Services and the County of Hawaii. Count 9 alleges attorney malpractice against defendant Andrea McCollum.

[2] No second amended complaint was filed. This Court construes the Ninth Circuit's reference to a "second amended complaint" to refer to Plaintiffs' first amended complaint.

<u>any other parties</u>." (Doc. # 1051 at 3 (emphasis added).)  The Ninth Circuit therefore expressly limited its order to only the aforementioned minor Plaintiffs' claims and did not address any issues as to the Adult Plaintiffs.

Second, contrary to what Duty argues in her motion, the Ninth Circuit did not grant her qualified immunity for all federal claims and absolute immunity for all state law claims.  In fact, the Ninth Circuit's order did not address Plaintiffs' state law defamation claim in Count 6 of Plaintiffs' amended complaint, which only pertained to Adult Plaintiff Joseph Haldeman.[3]  As a result, Duty does not have immunity as to all claims against her, leaving it necessary for the Ninth Circuit to separately review Adult Plaintiff Joseph Haldeman's claim in Count 6.[4]

Thus, there remains a similarity of legal issues that could be reviewed on appeal with respect to other Defendants in this case.  This Court dismissed the Adult Plaintiffs' claims based on statute of limitations grounds against other defendants, including defendants Donald Cupp and Colleen Clark.  Due to Count 6, Duty's instant Motion raises issues identical to her previous motion for Rule

---

[3] Duty did not move to dismiss Plaintiffs' defamation claim in proceedings below. (Doc. # 817 at 24 n.3.)

[4] The Court notes that because Count 6 was dismissed on statute of limitations grounds, the Court never addressed the factual basis for Count 6, a state law defamation claim.

54(b) certification on the Adult Plaintiffs' claims where this Court found that "Duty has not proven that the 2006 SOL Order and the 2007 SOL Order were such that no appellate court would have to decide the same statute of limitations issue more than once."  (Doc. # 929 at 5.)  Additionally, the appellate review necessary for Duty on immunity grounds is parallel to defendant Donald Cupp.  Cupp, however, has not moved for Rule 54(b) certification.[5]  Thus, granting Duty's motion for Rule 54(b) certification would result in an appellate court deciding these same issues more than once.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant Duty's Motion for Entry of Separate Judgment.  (Doc. # 1096.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 30, 2010.



_____
David Alan Ezra
United States District Judge

<u>Vanessa Haldeman. et al. v. Ruth Golden, et al.</u>, Cv. No. 05-00810 DAE-KSC; ORDER DENYING DEFENDANT KAREN DUTY'S MOTION FOR ENTRY OF SEPARATE JUDGMENT

---

[5]  The Court notes that Count 6 was not raised against Cupp.